**UNITED STATES of America**

v.

**Max SCHARFMAN, Defendant.**

69 Cr. 327.

United States District Court,
S. D. New York.

Dec. 21, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for United

States; Maurice M. McDermott, Asst. U. S. Atty., S. D. New York, of counsel.

Rosner & Rosner, New York City, for defendant; Edmund Allen Rosner, New York City, of counsel.

METZNER, District Judge:

By this motion the government contends that, under the facts presented, the court is without power to grant defendant an adjournment of his surrender date to commence service of a sentence.

Defendant had been found guilty after trial by Judge McLean and sentenced to two years' imprisonment. He was released on bail pending appeal. After affirmance of the judgment of conviction, 2d Cir., 448 F.2d 1352, the Court of Appeals denied a stay of the issuance of the mandate pending the filing of a petition for certiorari. On November 9, 1971 the mandate issued and defendant was ordered to surrender on November 30.

At that time defendant's application for a stay of surrender was granted pending the disposition of the petition for certiorari. This formal motion followed and on the argument of the motion the court was apprised of two additional facts. Justice Marshall on November 18 had denied an application for bail pending the filing of the petition for certiorari. On December 3 the petition for certiorari had been filed.

I am of the opinion that, irrespective of the action of the Court of Appeals in refusing to stay the mandate, or the filing of the petition for certiorari, or the denial of bail by the Circuit Justice, this court was without power to grant the adjournment. United States v. Ellenbogen, 390 F.2d 537, 541 n. 11 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968); 8A

**526**

Moore's Federal Practice, ¶46.10, at 46–59; 3 Wright, Federal Practice and Procedure, § 768, at 273.

■ There is no distinction between staying the issuance of the mandate and granting bail insofar as the consequences are concerned. And contrary to defendant's contention, neither is there a distinction in adjourning the date of surrender. All three, in effect, allow a defendant his freedom pending some judicial determination. The release from custody pending an application for certiorari is solely within the power of the Court of Appeals or a judge thereof, or the Supreme Court or a Justice thereof. Fed.R.Crim.P. 46(a) (2).

Defendant urges that since his petition for certiorari was filed after the action by the Court of Appeals and the Circuit Justice, this court should review that petition. He contends that the petition indicates a substantial ground for granting certiorari which should be sufficient to sustain the adjournment of the surrender date. With this is coupled a plea that defendant has exhibited throughout the history of these proceedings that he is an excellent bail risk.

The subsequent filing of the petition does not change the requirements of Rule 46(a) (2). This is obvious since the judicial officers there named are best qualified in a particular case to evaluate the substance of a defendant's arguments. Furthermore, the Bail Reform Act (18 U.S.C. § 3148) provides that bail may be denied "if it appears that an appeal is frivolous or taken for delay." From the prior determinations by the Court of Appeals and the Circuit Justice, it appears that this finding has been made.

Consequently, defendant shall appear for surrender on December 27, 1971.

So ordered.