**UNITED STATES of America**

v.

**Henry ROSA, Defendant.**

**No. 72 Crim. 1372.**

United States District Court,
S. D. New York.

Feb. 19, 1974.

Paul J. Curran, U. S. Atty., S.D.N.Y., by Dean C. Rohrer, Asst. U. S. Atty., New York City, for plaintiff.

Joseph I. Stone, New York City, for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

By notice dated February 12, 1974, defendant Henry Rosa has moved for a reduction in sentence, pursuant to Rule 35, F.R.Crim.P., and further for an order "staying the commitment of the defendant originally scheduled for February 20, 1974, until the Court decides the within motion."

That portion of the motion which is directed to the reasonableness, under the current situation affecting his case, of the sentence originally imposed on Rosa, is timely, and will have this Court's consideration. In order to dispose of the motion, the Court will anticipate a full review of all the relevant factors affecting the defendant and his co-defendants, and, accordingly, the Court reserves decision of the branch of the motion seeking a reduction in sentence.

The matter of staying the commitment raises a different issue. It appears that even if defendant's sentence is reduced, it would not be appropriate to suspend the penal portion thereof entirely, and defendant will be required to serve some period of confinement. However, a threshold jurisdictional difficulty presents itself with respect to the branch of the motion seeking a stay of the commitment.

The Court understands that the surrender date of February 20, 1974, applicable to defendant, has been established by the mandate of the Court of Appeals of the Second Circuit, filed herein.

No jurisdictional basis apparently exists for this Court to alter or modify the mandate of the Court of Appeals. An attempt to do so met with strong criticism in United States v. Ellenbogen, 390 F.2d 537, 541, fn. 11 (2d Cir. 1968) in which the Court held as follows:

"11. Ellenbogen is now improperly at large. On October 27, 1966, this court

denied Ellenbogen's petition for a stay of its mandate and, on January 3, 1967, Mr. Justice Harlan, Circuit Justice for this Circuit, denied an application for bail pending certiorari in the Supreme Court. The effect of this was to order that the appellant immediately commence serving his sentence of imprisonment. Nevertheless, Ellenbogen was permitted, by order of Chief Judge Sugarman of the Southern District of New York, to remain at large for 72 hours from Friday to Monday until such time as his Rule 35 motion could be heard by Judge Cooper and, thereafter, he was released on his own recognizance for the duration of the present proceedings. This was done in complete disregard of the order of this court and of the action of the Circuit Justice and without authority or color of authority under the Rules, see Criminal Rule 46(a)(2); 8 Moore's Federal Practice ¶ 46.10 at 46–35, or under the Bail Reform Act of 1966, which does not change prior practice in this regard. See 18 U.S.C. §§ 3148, 3146, 3152; 8 Moore's, *supra*, ¶ 46.10 at 46–34 (1967 Supp. at 89).

See also United States v. Scharfman, 53 F.R.D. 525 (S.D.N.Y. 1971).

Accordingly, that branch of the motion which seeks to stay the mandate is denied for want of jurisdiction. It may well be that upon a review of the relevant authorities, our Circuit might not adhere to the rule of *Ellenbogen, supra,* and might consider that since the trial court has the undoubted power to modify or reduce the sentence, that the greater power so entrusted to us by Rule 35, F. R.Crim.P., carries with it the lesser or implied power to keep control of the subject matter, pending decision of a motion for reduction of sentence, and, if we can reduce the sentence without the assent or participation of the Court of Appeals, we might, *a fortiori,* defer surrender pursuant to its mandate.

Such speculation as to what the future course of the decisional law might be is not, however, for us, and we feel constrained to follow the clear mandate of *Ellenbogen.* Accordingly, and for that reason, that branch of the motion is denied. The balance of the motion relating to the question of whether and what extent, if any, defendant's sentence should be reduced or modified, is held for further decision after due deliberation which will be had thereon.

So Ordered.