**UNITED STATES of America,**

v.

**Louis OSTRER, Defendant.**

**No. 71 Cr. 558 DNE.**

United States District Court,
S. D. New York,
Criminal Division.

Dec. 19, 1974.

Andrew Schaffer, Asst. U. S. Atty., for United States.

Alan Dershowitz, Cambridge, Mass., for defendant.

## MEMORANDUM AND ORDER

EDELSTEIN, Chief Judge:

Defendant Louis Ostrer was tried and convicted of conspiring to violate provisions of the federal securities laws (15 U.S.C. §§ 77q(a), 77x, 78j(b) and 78ff (1970)) and the mail and wire fraud statutes (18 U.S.C. §§ 1341 and 1343 (1970)) in January 1973. Thereafter, defendant made a motion for a

new trial, which was subsequently denied. United States v. Dioguardi, 361 F.Supp. 954 (S.D.N.Y.1973). Defendant's conviction was affirmed by the Court of Appeals for the Second Circuit on January 4, 1974, United States v. Dioguardi, 492 F.2d 70 (2d Cir. 1974), and his petition for a writ of certiorari has been denied. Ostrer v. United States, —— U.S. ——, 95 S.Ct. 49, 42 L. Ed.2d 53 (1974).

On December 11, 1974 the defendant filed two new motions in this court. The first is for a new trial. Defendant sets forth two grounds for this motion. First he asserts that "a probable error in the trial transcript," discovered by newly-retained counsel while he was preparing the certiorari petition, may have been responsible for an erroneous disposition of defendant's first new trial motion. Specifically, the first new trial motion raised the ground that subsequent to the verdict, one of the jurors wrote a letter to Ostrer's co-defendant, which letter was *prima facie* evidence that under 28 U.S.C. § 1865 (1970) the juror was incapable of rendering satisfactory jury service by reason of mental infirmity. Defendant now argues that the statements of the juror on *voir dire* "are pregnant with ambiguity" and can be plausibly read to mean that the juror, who described herself, when asked about employment, as a patient attendant at Flower Fifth Avenue Hospital, was actually a psychiatric patient working part time as an attendant, *i. e.*, that she was a patient-attendant. Defendant concludes that, under the opinions of the district court and the court of appeals on this issue, such a construction necessitates an evidentiary hearing on the juror's psychiatric history.

The second ground upon which the defendant bases his new trial motion is the recent discovery by newly-retained counsel[1] of evidence "which reasonably leads to the conclusion that the Government was privy [to], prior to and during trial, confidential and privileged communications between defendant and his attorneys, which communications were obtained from New York State authorities, who in turn obtained them by means of wiretapping and electronic surveillance of the defendant's premises, all in violation of the defendant's Fourth and Sixth Amendment rights." The defendant asserts that the federal prosecutors made various strategic decisions at the trial which can only be explained by their having had access to the monitored conversations.

Defendant's second motion of December 11, which is the subject of this opinion, is a motion for bail pending resolution of the new trial motion. In support of his motion defendant asserts that his new trial motion is neither frivolous nor filed for purposes of delay and that there is no likelihood that he will abscond.

The Government opposes the motion for bail on the ground that under United States v. Ellenbogen, 390 F.2d 537 (2d Cir.), cert. denied, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968), the district court has no power to grant bail once the mandate of the court of appeals has issued.[2] The Government further argues that even if this court has the power to grant bail, defendant has not made a showing sufficient to justify the exercise of that power.

The court heard oral argument on the motion to admit to bail late in the afternoon preceding the day scheduled for the defendant's surrender. This opinion is filed to provide elaboration

1. Defendant's counsel avers that he was advised on December 8, 1974 by defendant's son that the State of New York had intercepted and recorded the conversations at issue here. Defendant himself, however, received notice of the communications interceptions in February, 1974.

2. The Government informed the court that the mandate issued on November 8. The Government first noticed Mr. Ostrer for surrender on December 2 and later agreed to a two-week postponement of the surrender date.

on the court's denial from the bench of that motion.

In *Ellenbogen* the court said:

Ellenbogen is now improperly at large. On October 27, 1966, this court denied Ellenbogen's petition for a stay of its mandate and, on January 3, 1967, Mr. Justice Harlan, Circuit Justice for this Circuit, denied an application for bail pending certiorari in the Supreme Court. The effect of this was to order that the appellant immediately commence serving his sentence of imprisonment. Nevertheless, Ellenbogen was permitted, by order of Chief Judge Sugarman of the Southern District of New York, to remain at large for 72 hours from Friday to Monday until such time as his Rule 35 motion could be heard by Judge Cooper and, thereafter, he was released on his own recognizance for the duration of the present proceedings. This was done in complete disregard of the order of this court and of the action of the Circuit Justice and without authority or color of authority under the Rules, [citations omitted] or under the Bail Reform Act of 1966, which does not change prior practice in this regard. [citations omitted]

390 F.2d at 541 n.11.

Research has revealed two cases in which judges of this court have specifically followed *Ellenbogen*. In United States v. Scharfman, 53 F.R.D. 525 (S.D.N.Y.1971), Judge Metzner held that under *Ellenbogen* he was without power to stay defendant's surrender pending disposition of a petition for certiorari. In United States v. Rosa, 372 F.Supp. 1341 (S.D.N.Y.1974), Judge Brieant was asked to stay the defendant's commitment pending the court's decision on defendant's motion made pursuant to Fed.R.Crim.P. 35. While he questioned whether the Second Circuit would adhere to *Ellenbogen* upon a review of relevant authorities, Judge Brieant found himself constrained to follow the clear mandate of that case and so denied the stay motion for lack of jurisdiction.

Defendant, without a great deal of specificity, has advised this court that Southern District judges frequently continue bail on facts similar to those at issue here. The court, however, knows of no written opinions embodying such action.

The basis for the *Ellenbogen* rule appears to be that neither statute nor rule confers upon the district court the authority to grant bail in the context of a post-conviction attack made after the issuance of the mandate of the court of appeals. Regardless of any factual differences between this case and *Ellenbogen,* this court believes that the rationale behind *Ellenbogen* is applicable here. The mandate of the court of appeals has issued, and, under *Ellenbogen,* this court has no jurisdiction to grant the motion for bail.

The court is aware of a series of cases which hold that a district court has inherent jurisdiction to grant bail to prisoners in habeas corpus cases in extraordinary circumstances. *E. g.,* Glynn v. Donnelly, 470 F.2d 95 (1st Cir. 1972); Baker v. Sard, 137 U.S.App.D.C. 139, 420 F.2d 1342 (1969); Reiff v. United States, 505 F.2d 1374 (2d Cir. 1961); Johnston v. Marsh, 227 F.2d 528 (3rd Cir. 1955). *See also* Argro v. United States, 505 F.2d 1374 (2d Cir. 1974) in which the court held that release on bail pending a parole revocation hearing (which "is properly treated as akin to habeas corpus, which is also a civil action and where bail may be granted") is proper, though only under "the most unusual circumstances."

This court finds it unnecessary to examine the relationship between these cases and *Ellenbogen,* between the concept of inherent power to grant bail and the requirement that the authority to do so must be granted by statute or rule because the defendant has not made the showing of extraordinary circumstances which would be required if

the reasoning of those cases were to be applied here. In denying an application for bail pending a decision by the court of appeals on an appeal from denial of a petition for a writ of habeas corpus, Mr. Justice Douglas wrote:

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. [citation omitted] In this kind of case it is therefore necessary to inquire whether *in addition to there being substantial questions* presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

Aronson v. May, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (emphasis added).

Those courts granting bail in the rare cases where exceptional circumstances are found have focused on factors such as poor health (United States ex rel. Ackerman v. Commonwealth of Pennsylvania, 133 F.Supp. 627 (W.D. Pa.1955)) or on a combination of substantiality of the issues, the inevitably long time required to resolve the substantive issues, the fact that petitioner would probably complete his sentence within five months, the trial court's certification of reasonable doubt which "represented a mature judgment that [the period of incarceration already served] should ideally have been avoided," and the undisputed judgment that there was no substantial danger that defendant would abscond. United States Epton v. Nenna, 281 F.Supp. 388 (S.D. N.Y.1968). The defendant in this case

has made no showing approaching the high standard required here.

The motion to admit to bail is denied. The motion for a new trial will be decided in due course.

So ordered.