**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Philip ZANE et al., Defendants-Appellants.**

**Nos. 110 and 114, Dockets 74–1678 and 74–1839.**

United States Court of Appeals, Second Circuit.

Argued Oct. 1, 1974.

Decided Nov. 4, 1974.

Certiorari Denied April 14, 1975.

See 95 S.Ct. 1563.

James E. Nesland, Asst. U. S. Atty., New York City (Paul J. Curran, U. S.

Atty. for the Southern District of New York, and John D. Gordan III, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Sandor Frankel, New York City (Louis Bender, New York City, on the brief), for defendants-appellants Philip Zane and Jerome E. Silverman.

John Logan O'Donnell, New York City (Charles M. McCaghey, Stephen Schlessinger and Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, on the brief), for defendant-appellant Robert S. Persky.

Before MEDINA, ANDERSON and MANSFIELD, Circuit Judges.

MEDINA, Circuit Judge:

On June 13, 1973 Philip Zane, Jerome E. Silverman and Robert S. Persky, two accountants and a lawyer, were convicted after a five-week trial to Judge Wyatt and a jury on one count of a multi-count indictment for filing a false Form 10K Annual Report for Microthermal Applications, Inc. with the SEC. We affirmed 495 F.2d 683, cert. denied, —— U.S. ——, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974). One of the defendants, Akiyoshi Yamada, pleaded guilty to a one-count indictment charging conspiracy to file the false report and he co-operated with the government. He gave extensive testimony implicating Zane, Silverman and Persky not only on the charge of which they were found guilty but on various other counts on which they were acquitted. Less than four weeks after the conviction of Zane, Silverman and Persky, Yamada came before Judge Cooper on a motion to reduce the sentence imposed on him for the crime to which he had pleaded guilty. In support of this motion five letters purportedly written by persons active in community affairs were submitted by Yamada to Judge Cooper. These letters, which testified to Yamada's good character and praised his work with drug addicts, were written by Yamada himself to influence Judge Cooper. Claiming that proof that Yamada had forged these letters and that he had engaged in such fraudulent and criminal conduct constituted newly discovered evidence, Zane, Silverman and Persky made a motion for a new trial, pursuant to Rule 33, Fed.R.Crim.P. Judge Wyatt denied the motion from the bench remarking that Yamada's credibility had been fully explored at . the trial, that the sending of the letters was merely cumulative evidence by way of impeachment and that such proof had no relevance to the issue of the filing of the false report with the SEC. He also found there was no probability that on a new trial with the benefit of the evidence concerning the fraudulent letters a new jury would reach a different conclusion with respect to the guilt of these appellants. This appeal is from the order of Judge Wyatt denying the motion for a new trial.

■ It requires no more than a brief recital of the law in this Circuit governing the function of the trial judge and that of this Court in connection with Rule 33 motions for a new trial on alleged newly discovered evidence to dispose of this appeal. In the exercise of .his discretion the trial judge must determine whether there is showing: (1) that the evidence could not with due diligence have been discovered until after the trial; (2) that the evidence is material to the factual issues at the trial and not merely cumulative and impeaching; and (3) that the evidence would probably produce a different result in the event of a new trial. United States v. Birrell, 482 F.2d 890, 892 (2d Cir. 1973); United States v. DeSapio, 456 F.2d 644, 647 (2d Cir.), cert. denied, 406 U.S. 933, 92 S.Ct. 1776, 32 L.Ed.2d 135 (1972); United States v. Polisi, 416 F.2d 573, 576–577 (2d Cir. 1969). Less exacting standards, not relevant here, are required in cases involving prosecutorial misconduct or negligence. See, United States v. Kahn, 472 F.2d 272, 287 (2d Cir.), cert. denied, 411 U.S. 982, 93 S.Ct. 2270, 36 L.Ed.2d 958 (1973). The function of the Court of Appeals is to decide whether the trial judge has applied these criteria and whether his finding that the application of these

criteria required a denial of the motion is or is not clearly erroneous. It is not our function to speculate on the possibility that a jury on a new trial might acquit the defendants. As we conclude that Judge Wyatt applied the proper criteria and that there is no tenable basis for holding that Judge Wyatt abused his discretion, or that his finding in applying the criteria was clearly erroneous, we affirm the order appealed from. It is especially important that this separate consideration of the respective functions of the trial judge and of an appellate court be made in Rule 33 cases involving long complicated trials.

■ It is obvious that the evidence of the forgery and sending of the letters was cumulative on the issue of credibility and that it had no bearing on the issue of whether or not appellants were guilty of filing the false report with the SEC. Yamada had a lengthy history of involvement in fraudulent securities schemes. Prior to the trial of the appellants, Yamada pleaded guilty to three one-count indictments, one of which concerned the conspiracy to file a false annual report for Microthermal. In return for co-operation with the government in the prosecution of the appellants, it was understood that the government would not proceed on other criminal offenses committed by Yamada, and also that the government would advise the court of his co-operation at the time of sentencing. At the trial, Yamada was subjected to thorough cross-examination. The basis of Yamada's co-operation, the criminal charges, and his numerous fraudulent securities schemes were brought out to impeach his credibility. In addition, Yamada testified to destroying documents and giving perjurious testimony before the SEC in the course of its investigation into Microthermal.

In support of his finding that the evidence of the forged letters would probably not result in any different decision by the jury on a new trial, Judge Wyatt referred to his recollection of the proofs and his instructions to the jury. We find no reason to disturb a finding based upon such reasoning. We are not persuaded that a new jury would decide the case differently if it knew that Yamada's claim at the first trial that he had reformed and turned over a new leaf was false. Indeed, at the time of the first trial he may have thought he had reformed.

Nevertheless, as we understand their arguments, appellants would have us develop some new law because of what they call the special circumstances of this case. Again and again appellants would have us reverse the decision below because Yamada's testimony at the trial and his forgery of the letters were supposed to be part and parcel of a deep-seated determination to resort to any means to keep out of jail. This is indeed novel doctrine and it would result in new trials whenever after a criminal trial the conduct of a defendant-turned-government-witness indicated a desire to escape the toils of justice by any form of lying or skulduggery that could be made to appear similar to the alleged giving of false testimony at the trial in the hope of obtaining consideration for his co-operation with the prosecution.

Mesarosh v. United States, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956), gives no support to the contentions of appellants here. It did not involve a defense motion for a new trial but rather a *sui generis* exercise by the Supreme Court of its supervisory jurisdiction at the instance of representation submitted by the Solicitor General.

The appellants place great emphasis on the fact that the forged and fictitious letters were submitted shortly after the conclusion of the trial resulting in the conviction of the appellants. This fact, however, does not alter the cumulative and impeaching character of these disclosures, nor does it provide an appropriate basis to distinguish this situation from other cases involving Rule 33 motions.

Affirmed.