UNITED STATES of America, Appellee,

v.

**Milton PARNESS and Barbara Parness, Defendants-Appellants.**

**Docket Nos. 75–1369, 75–1370.**

United States Court of Appeals, Second Circuit.

Submitted Jan. 9, 1976.

Decided Jan. 12, 1976.

Joel N. Rosenthal, Asst. U. S. Atty., New York City (Thomas J. Cahill, U. S. Atty., Lawrence B. Pedowitz and John C. Sabetta, Asst. U. S. Attys., New York City, on the brief), for appellee.

Jay Goldberg, New York City (Michael Ratner and Henry J. Boitel, New York City, on the brief), for defendant-appellant Milton Parness.

John L. Pollok, New York City (Edward Gasthalter, and Gasthalter & Pollok, New York City, on the brief), for defendant-appellant Barbara Parness.

Before TIMBERS, VAN GRAAFEILAND and MESKILL, Circuit Judges.

PER CURIAM:

The chief significance of the instant motion to recall and stay the mandate is that it is the latest in a series of maneuvers to avoid surrendering to serve a ten year sentence imposed by Judge Bonsal *more than 25 months ago* upon appellant Milton Par-

ness, who was presented as a dangerous special offender. We deny the motion.

In affirming by a memorandum order on January 7, 1976 appellants' latest appeal from orders denying their latest motions for a new trial and for reduction or vacation of Milton Parness' sentence, we found their claims of error to be so frivolous that we ordered that the mandate issue forthwith. For the same reason, we deny the instant motion to recall and stay the mandate.

Our affirmance of January 7, 1976, so far as the appeals from the denials of new trials are concerned, was based on the well reasoned opinion of Judge Bonsal of September 29, 1975. Specifically, we held that "[h]is findings of fact are not clearly erroneous and we agree with the legal standards he applied." Such affirmance, moreover, was upon the authority of three recent decisions of our Court, including *United States v. Zane*, 507 F.2d 346 (2 Cir. 1974), *cert. denied*, 421 U.S. 910 (1975), where Judge Medina for a unanimous Court stated:

"The function of the Court of Appeals is to decide whether the trial judge has applied these criteria and whether his finding that the application of these criteria required a denial of the motion is or is not clearly erroneous. It is not our function to speculate on the possibility that a jury on a new trial might acquit the defendants . . . . It is especially important that this separate consideration of the respective functions of the trial judge and of an appellate court be made in Rule 33 cases involving long complicated trials." 507 F.2d at 347–48.

In emphatically denying the instant motion to recall and stay the mandate, we also do not blind ourselves to the prior criminal record of appellant Milton Parness dating back to 1958. His record includes two prior felony convictions, in 1963 and 1965, for conspiring to transport, and for transporting, stolen securities in interstate commerce. For these offenses, consecutive sentences totalling nine (later reduced to seven) years imprisonment were imposed. He was released from the United States Penitentiary at Lewisburg, Pennsylvania, on June 6, 1969. *During the period of his mandatory release supervision or parole,* which did not expire until February 1971, *Milton Parness became engaged in the fraudulent scheme for which he was convicted in the instant case,* 503 F.2d at 434–35, and ultimately was sentenced on December 7, 1973 as a third felony offender.

There comes a time in every federal criminal prosecution when a defendant, who has been accorded due process at the three levels of the federal judicial system and whose claims of error have been weighed and found wanting, should be required to serve the sentence which has been imposed upon him according to law. Otherwise, he makes a mockery of federal criminal justice.

We think it is high time that the curtain be brought down on the charade by which appellant Milton Parness—by various motions and frequent substitutions of counsel—has maneuvered for more than 25 months to avoid surrendering to serve his sentence of imprisonment and to avoid paying the $55,000 fine imposed upon him.

We order that appellant Milton Parness surrender forthwith and start serving immediately his ten year sentence of imprisonment; that appellant Barbara Parness start serving immediately her three year sentence of probation; and that both appellants pay forthwith the fines of $55,000 and $6,000, respectively, imposed upon them on December 7, 1973.

The motion to recall and stay the mandate is denied in all respects.

This Court will not grant any further motions for recall or stay of the mandate or for stay of execution of the sentences or for stay of this order.

It is so ordered.