UNITED STATES

v.

**Louis OSTRER, Defendant.**

No. 71 Cr. 558.

United States District Court,
S. D. New York.

Nov. 3, 1976.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., by Lawrence Pedowitz, Gregory L. Diskant, Asst. U. S. Atty., New York City, for plaintiff.

Alan Dershowitz, Cambridge, Mass., Harvey A. Silverglate, Ann Lambert Greenblatt, of Silverglate, Shapiro & Gertner, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

On November 1, 1976 this Court heard argument on the merits of a motion sought to be made by a "Notice of Motion for Order to Show Cause," filed with me on that date. Familiarity with all prior proceedings is assumed.

By our Findings and Conclusions dated June 4, 1976 made after an evidentiary hearing, we denied the motion of defendant Louis Ostrer for a new trial, and enlarged him on bail, finding it "appropriate that he should continue to be enlarged pending appellate finality." (Findings, p. 41).

On October 28, 1976, the Court of Appeals (Docket No. 76–1282) affirmed this Court's order and directed that "the mandate shall issue forthwith." Pursuant to the mandate, the United States Attorney directed Ostrer to surrender before the Part I Judge of this Court on Friday, November 5, 1976 at 10:30 A.M. which date, by stipulation without prejudice, has been enlarged until November 30, 1976.

The Government regards issuance of the mandate as a revocation *sub silentio* of the bail fixed or continued by this Court in its June 4, 1976 order.

A petition for a writ of certiorari, which defendant intends to file, is part of the appellate process. *Flynn v. United States*, 75 S.Ct. 285 (1955 mem. dec. by Frankfurter, J., granting a stay as a single Justice, apparently not officially reported). Defendant in effect asks this Court to determine that the bail granted or continued by the trial court on June 4, 1976 remains in effect through the efforts to obtain certiorari, and that the mandate issued by the Court of Appeals cannot supersede the dis-

trict court's order in that respect, thereby revoking the defendant's release pending appeal.

Rule 46(c) of the Federal Rules of Criminal Procedure, as amended in 1972, directs that the granting of release pending the filing of the Notice of Appeal is governed by 18 U.S.C. § 3148. The Committee Note to Rule 46, however, dictates that once the Notice of Appeal is filed, release by the district court shall be in accordance with Rule 9(b) of the Federal Rules of Appellate Procedure, which provides that the "application for release after a judgment of conviction shall be made in the first instance in the district court." Such release, as noted above, was granted by this Court on June 4, 1976.

■■■ It is well established in this Circuit that once a case has left the district court and is in the Court of Appeals or the Supreme Court, the district court is without power to make any further orders in the appealed case. *United States v. Ellenbogen*, 390 F.2d 537, 542 (2d Cir.) *cert. denied* 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968); *United States v. Ostrer*, 386 F.Supp. 159, 161 (S.D.N.Y.1974); *United States v. Rosa*, 372 F.Supp. 1341 (S.D.N.Y. 1974). These cases specifically hold that once a mandate of the Court of Appeals has issued, the district court no longer has the power to grant a bail application. Here, the Court of Appeals has affirmed this Court's denial of a motion for a new trial, and has issued a mandate enforcing its order forthwith. Therefore, the defendant's release pending appeal, as ordered by this Court, is terminated. *United States v. Scharfman*, 53 F.R.D. 525 (S.D.N.Y.1971); *United States v. Parness*, 536 F.2d 474 (2d Cir. 1976).

In urging that this Court either restrain the government from enforcing the surrender order, or, alternatively, issue a new order enlarging defendant's bail pending the final step in appellate review, defendant makes several arguments which merit consideration:

1. Defendant asserts his case is not controlled by the rule of *Ellenbogen*, since this

Court's bail order was issued *before* the Court of Appeals issued its mandate, and while this Court had jurisdiction. By contrast, in *Ellenbogen*, the district court ordered that defendant be released on bail *after* the Court of Appeals had issued its mandate, and after bail applications had been rejected by both the Court of Appeals and a Justice of the Supreme Court.

2. The mandate issued by the Court of Appeals does not invalidate this Court's prior order granting bail "pending appellate finality." The question of bail was not argued or briefed in the Court of Appeals, nor did that Court give express consideration to that issue. Defendant asserts that the mandate, therefore, does not speak to the issue of bail, and that the bail set by the district court in a proper exercise of its jurisdiction, thus remains in effect.

3. If the mandate of the Court of Appeals is found to revoke defendant's bail, then defendant asserts he has been denied due process, or the right to prior notice and hearing.

4. The Court of Appeals lacked power to revoke defendant's bail absent an evidentiary hearing or an express finding that further appellate review would be frivolous or dilatory.

Although these issues raised by defendant are important and complex, I conclude he has not made a sufficient showing to gain the requested relief in this Court. Defendant argued before me that the rule of *Ellenbogen* does not apply in these circumstances. I reject this contention. Once the mandate has issued, defendant is without bail, and for this Court to issue a new order enlarging bail, we would have to disregard the rule of *Ellenbogen*.

■ Defendant also argues, somewhat more persuasively, that the rule of *Ellenbogen* may be in direct conflict with the 1972 amended version of Rule 46, which contemplates conforming that Rule to the Bail Reform Act of 1966. Section 3148 of that Act allows for bail to be continued pending disposition of all appeals, so long as the standards for bail set forth in 18 U.S.C. § 3146 are met. This Court has found that defendant meets those standards of § 3146, and the Court of Appeals has not found to the contrary. (Findings, pp. 42–43.)

The *Ellenbogen* rule has not yet been overruled. Despite the logic of defendant's argument, to grant a new enlargement of bail, as requested by defendant, would be an unlawful act outside the jurisdiction of this Court. *Ellenbogen, supra*, at 543. See also 8B, *Moore's Federal Practice*, ¶ 46.10 pp. 46–60 and 46–61.

■ Defendant's second contention, that the Court of Appeals' mandate does not invalidate this Court's bail order, similarly must fail. It is the custom and practice of this Court that the issuance of a mandate supersedes any prior order of release on bail made by the trial court. The mandate and the bail order cannot co-exist since the mandate is the equivalent of an order of surrender. *United States v. Parness*, 536 F.2d 474 (2d Cir. 1976). Nor can we accept defendant's assumption and argument that since the issue of bail was neither briefed nor argued to the Court of Appeals, that body failed to give the issue due consideration. In reviewing all of the findings and conclusions below, the Court of Appeals, by implication, if not explicitly, gave proper consideration to the issue of bail. By its issuance of a mandate forthwith, the Court of Appeals made a conscious determination to revoke bail and to call for the defendant's surrender.

■ Defendant next asks this Court to declare the action of the Court of Appeals unconstitutional, something which this Court is without power or authority to do. A district court is required to carry out the mandate of the Court of Appeals, even if that mandate is in error. The proper remedy for the aggrieved party is to seek modification of the mandate by the Court of Appeals. *Crane Co. v. American Standard, Inc.*, 490 F.2d 332, 341 (2d Cir. 1973).

■ Finally, we are asked to find that the Court of Appeals was without power to issue its mandate which revoked the bail set by this Court. We decline to so hold. The

Court of Appeals certainly has the power to set bail pending appeal or to refuse to do so. Rules 9 and 41, F.R.App.P.

Ostrer may move before the Court of Appeals for a recall of the mandate pending a determination of his petition for certiorari to the United States Supreme Court. Should the Court of Appeals decline his request, defendant may then appeal to a Supreme Court Justice in Chambers, for a stay of surrender pending appellate finality. *Perkins v. Standard Oil of California*, 487 F.2d 672, 674 (9th Cir. 1973); *Powers v. Bethlehem Steel Corp.*, 483 F.2d 963, 964 (1st Cir. 1973); *cf. Parness, supra; Lovallo v. Froehlke*, 468 F.2d 340, 344 (2d Cir. 1972), *cert. denied* 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973).

For the foregoing reasons, all relief on the motion is denied.

So ordered.