**UNITED STATES of America,**

v.

**Louis C. OSTRER, a/k/a "Louis Cuple", "Jack Ostrer" and "Rick Kaplan", Rita Ostrer, Seymour Greenfield, and Cy Reeves Snyder, Defendants.**

**No. 78 Cr. 535 (KTD).**

United States District Court, S. D. New York.

Nov. 15, 1978.

---

51. Haw.Rev.Stat. §§ 269–11 and 16.

Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., New York City, for United States; Alan R. Naftalis, Richard F. Ziegler, New York City, of counsel.

Irwin Rochman, New York City, for Seymour Greenfield; Irwin Rochman, New York City, of counsel.

Fischetti & Shargel, New York City, for Rita Ostrer; Ronald P. Fischetti, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Defendants Rita Ostrer and Seymour Greenberg have moved, pursuant to Fed.R. Crim.P. 8(b), for an order declaring a misjoinder and directing severance of certain Counts from the indictment in which they are named.[1] The government has opposed these motions claiming that the indictment charges a series of acts which constitute a common scheme and that, accordingly, joinder of offenses and defendants is proper under Rule 8(b).

The indictment now under attack charges defendants Rita Ostrer and Seymour Greenfield with conspiring to defraud the United States by impeding the Internal Revenue Service in the collection of taxes due and owing the United States from Louis Ostrer (Count One). This conspiracy is alleged to have occurred from January 1, 1968, up to and including the date the indictment was filed, July 18, 1978. The indictment further charges defendant Greenfield with aiding and abetting Louis Ostrer's evasion of payment (Count Two); conspiring with Louis Ostrer between March 11, 1976 and July 18, 1978 to embezzle moneys from an employee pension fund (Count Three); embezzling such moneys (Counts Four and Five); and transporting a portion of these moneys in interstate commerce (Count Six). Rita Ostrer is named only in Count One.

Rule 8 of the Federal Rules of Criminal Procedure reads as follows:

(a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(b) Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts togeth-

---

1. Co-defendants Louis Ostrer and Cy Reeves Snyder are also named in the indictment. Louis Ostrer is presently appealing my order disqualifying his attorney on grounds of con-flict of interest. Cy Reeves Snyder has moved for a severance as well as for other relief. The government has requested additional time to answer his motion.

er or separately and all of the defendants need not be charged in each count.

■ When a defendant challenges joinder of offenses in a multiple-defendant indictment, the propriety of the joinder is governed by Rule 8(b) and the provisions of subsection (a) should not be considered. *United States v. Turbide,* 558 F.2d 1053, 1061 n.7 (2d Cir. 1977). Thus, the pivotal question on this motion is whether the indictment alleges that defendants have participated in the "same series of acts or transactions constituting an offense or offenses." The fact that all defendants are not named in every Count is of no matter so long as it appears that the offenses charged arise out of a series of acts or transactions in which all defendants participated. *Williamson v. United States,* 310 F.2d 192 (9th Cir. 1962).

■ Whether the offenses charged in an indictment are part of the same series of acts or transactions requires an examination of the relationship between them. *United States v. Satterfield,* 548 F.2d 1341, 1344 (9th Cir. 1977). This relationship "is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses." *Id. citing United States v. Gentile,* 495 F.2d 626 (5th Cir. 1974); *United States v. Roselli,* 432 F.2d 879, 899 (9th Cir. 1970).

The instant indictment charges a conspiracy, spanning the course of ten years, to evade the payment of taxes. According to the allegations, during the calendar years 1965 through 1975 substantial income was earned by Louis Ostrer and reported by him on his tax returns. However, no payment of taxes was ever made, and the successful avoidance of such payment constitutes the nub of the alleged tax conspiracy Count. It is the government's contention that defendants Rita Ostrer and Seymour Greenfield, along with Louis Ostrer,[2] conspired to conceal Louis Ostrer's assets and the sources of his income by setting up bank accounts in the names of fictitious corpora-

tions and persons. The funds earned by Louis Ostrer were then funnelled through these accounts. Because of this secretion, the United States was unable to effect collection of the tax moneys allegedly due and owing on account of Louis Ostrer's earned income.

The indictment further charges that between the years 1976 and 1978 Louis Ostrer and Seymour Greenfield conspired to embezzle and did, in fact, embezzle large sums of money from the Local 918 Welfare and Pension Fund. At least portions of these moneys were placed in a corporate account in a New York bank originally set up by Louis Ostrer and Seymour Greenfield as part of their scheme to evade the payment of taxes. Thus, it seems that the plan to conceal assets that began in 1975 continued through 1978 and included the moneys embezzled from the Union Pension Fund.

Viewed in this manner, the indictment does appear to allege participation by both defendants in a common scheme or series of transactions. They are alleged to have continued the conspiracy to evade taxes up to the filing of the indictment. Proof of this tax conspiracy, according to the government, would include proof of the moneys embezzled between 1976 and 1978 since they comprised a portion of the concealed funds.

■ Anytime two or more defendants are joined for trial there will be some fear of the negative cast that may be thrown upon one of them by reason of the acts of his or her co-defendants. Rule 8(b) of the Federal Rules envisions a situation where this possible prejudice is overcome by the benefit to the Courts, government and public interest in an expeditious trial. *See King v. United States,* 355 F.2d 700, 703–4 (1st Cir. 1966). Indeed, the defendant also benefits from a speedy disposition of the case against him. Where, as here, common proof will be adduced to prove the charges in an indictment, there is no misjoinder

---

**2.** The other defendant named in the indictment, Cy Snyder, is not named in Count one, the tax conspiracy Count.

since the benefit to the Court and government is apparent. Moreover, the prejudice to the joined defendants is not great because proof of the crime giving rise to the allegedly concealed income would, in all likelihood, be admissible in a separate trial of the tax evasion charges. *See United States v. Turbide, supra.*

Neither have defendants, at this time, attempted to show facts demonstrating severe prejudice by virtue of a joint trial warranting a discretionary severance pursuant to Fed.R.Crim.P. 14. *See United States v. Rucker,* 586 F.2d 899 at 902 (2d Cir. 1978). Indeed, I am not at all sure that they intend to seek discretionary severance on this motion since they do not explicitly raise the issue.[3] Accordingly, I will defer consideration of a Rule 14 motion until such time as defendants choose to make a proper showing.

Based upon the foregoing, defendants' motions for severance upon the grounds of misjoinder are denied.

SO ORDERED.

**3.** Both defendants have relied upon the portion of defendant Snyder's Memorandum that are applicable to them, although they speak only of Rule 8 in their own motion papers. Snyder's Memorandum does raise the question of discretionary severance. See Memorandum of Cy R. Snyder at 8.