Louis C. OSTRER, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 80 Civ. 3244–CLB.

United States District Court, S. D. New York.

June 17, 1980.

**1264**

Barry M. Fallick, Rochman, Platzer & Fallick, New York City, for petitioner.

No appearance for respondent.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

If there has ever been in the recent history of our jurisprudence, a single federal criminal case in which there has been greater, longer, or more extensive post-verdict review than that heretofore accorded to this petitioner, such case does not come readily to mind.[1]

This latest petition, denominated as for a writ *coram nobis*, proceeds on the theory that petitioner, who has served his sentence, is entitled to some relief here because (¶ 12) "there is no valid distinction between the Court of Appeals' holding in *Sullivan v.*

*Fogg*, 613 F.2d 465 (2d Cir. 1980) on the key issue of a juror's mental incompetence," and the disposition of the "identical issue" in petitioner's direct appeal from his own conviction, affirmed January 7, 1974, *sub nom. United States v. Dioguardi*, and reported at 492 F.2d 70 (2d Cir.), *cert. denied* 419 U.S. 829, 95 S.Ct. 49, 42 L.Ed.2d 53 (1974). Petitioner's own analysis of *Fogg* is that: "That decision, which seems to be a change in the law subsequent to petitioner's conviction, mandates that a hearing be held concerning the alleged incompetence of a juror in petitioner's case."

The contention is frivolous and has no legal basis. Any attempt in 1980 to delve into the mental condition of a juror during January 1973 would be an exercise in futility, assuming the juror is still alive and could be located at this late date. The passage of time alone would make any resolution of the issue a matter of pure speculation. There must be a point of rest, even in criminal cases.

Also, petitioner's contention that *Fogg* represents a "change in the law," as enunciated in his own case, is at variance with the precise words of the late Circuit Judge J. Joseph Smith, author of the *Fogg* opinion. Judge Smith, a distinguished and careful legal scholar, wrote *Fogg* with awareness of *Dioguardi*, and held, for reasons he carefully explained, that *Dioguardi* "is distinguishable" (p. 467 of 613 F.2d). Petitioner would like this district court to hold that his case

---

1. Familiarity with the following decisions and opinions is assumed:

*United States v. Dioguardi*, 361 F.Supp. 954 (Edelstein, Ch. J., D.C.1973)

*United States v. Dioguardi*, 492 F.2d 70 (2d Cir. 1974), *cert. denied* 419 U.S. 829, 95 S.Ct. 49, 42 L.Ed.2d 53 (1974)

*United States v. Ostrer*, 386 F.Supp. 159 (Edelstein, Ch. J., D.C.1974)

*United States v. Ostrer*, 422 F.Supp. 93 (Brieant, J., D.C.1976), *aff'd w/o opinion*, 551 F.2d 303 (2d Cir. 1976).

*United States v. Ostrer*, 422 F.Supp. 108 (Brieant, J., D.C.1976), appeal dismissed as moot, 556 F.2d 562 (2d Cir. 1977)

*Ostrer v. United States*, 577 F.2d 782 (2d Cir. 1978), *cert. denied* 439 U.S. 1115, 99 S.Ct. 1018, 59 L.Ed.2d 73 (1979)

*Ostrer v. United States*, 584 F.2d 594 (2d Cir. 1978)

Also: Unreported district court opinions:

Dated June 30, 1978 in 71 Cr. 558, *aff'd* by Memo Order November 14, 1979, Dkt. No. 79–2086.

Dated April 19, 1979 in 71 Cr. 558.

Dated October 2, 1979 in 71 Cr. 558.

Dated November 26, 1979 in 79 Civ. 5976.

In addition, related cases are found in *United States v. Ostrer*, 458 F.Supp. 540 (Duffy, J., D.C.1978); *United States v. Ostrer*, 460 F.Supp. 1388 (Duffy, J., D.C.1978) and *United States v. Ostrer*, 597 F.2d 337 (2d Cir. 1979).

(*Dioguardi*) is *in*distinguishable on its facts from *Fogg*, in the face of a clear statement in the *Fogg* opinion to the contrary. He would like to have this Court conclude that a distinguished panel of the Court of Appeals for the Second Circuit is in fact "changing the law," when in its opinion, it clearly disclaims having done so. There is no basis for us to reach such a conclusion in this case. Nor is it by any means clear that any subsequent procedural decision arguably at variance with a judgment of conviction, justifies relief from that judgment.

Before leaving the issue, we note that petitioner has already been allowed to relitigate the incompetent juror issue once following his direct appeal. See *Ostrer v. United States*, 577 F.2d 782, 788 (2d Cir. 1978), *cert. denied* 439 U.S. 1115, 99 S.Ct. 1018, 59 L.Ed.2d 73 (1979). The late Judge Smith was a member of the panel which rendered that decision and joined in the majority opinion, which holds in relevant part:

> "We also affirm the district court's decision to deny the claim for a new trial based on purportedly new information concerning the mental state of a trial juror. On similar facts, the denial without hearing of a virtually identical motion was affirmed by this court in *United States v. Dioguardi*, 492 F.2d 70, 78-81 (2d Cir. 1974). We fully agree with the district court's characterization of this aspect of Ostrer's petition as 'cumulative, repetitious, and untimely.' The new information concerning the juror's mental state proffered by Ostrer in the affidavit of Junius Rush was substantially undermined by the affidavit later obtained from Mr. Rush and filed by the Government in which the affiant modified, if not repudiated, much of the first sworn statement."

While denominated as a petition for a writ *coram nobis* under 28 U.S.C. § 1651(a), this petition is in all procedural aspects congruent with a petition under 28 U.S.C. § 2255; the only difference is that this petitioner is no longer in custody. Accordingly, it seems appropriate that the Court be guided by the Rules Governing Section 2255 Proceedings for the United States District Courts, particularly Rule 4(b) thereof. In reliance on that Rule, and for the reasons set forth above, I find that it plainly appears from the Petition, and the prior proceedings, that petitioner is not entitled to relief from his judgment of conviction.

Summary dismissal prior to answer is directed in accordance with Rule 4(b) of the aforesaid Rules. The Clerk shall enter a final judgment.

So Ordered.