**UNITED STATES of America, Plaintiff,**

v.

**Miles COLEMAN, Thomas Kurz, John Balzano and John Szybkowski, Defendants.**

**No. 80 CR 500.**

United States District Court, N. D. Illinois, E. D.

Oct. 6, 1980.

Thomas P. Sullivan, U. S. Atty. by Vincent J. Connelly and Robert W. Tarun, Asst. U. S. Attys., Chicago, Ill., for plaintiff.

Gerald M. Werksman, Chicago, Ill., for Coleman.

Bernard Brody, Chicago, Ill., for Kurz.

Dominick D. Faraci, Chicago, Ill., for Balzano.

Louis B. Garippo, Chicago, Ill., for Szybkowski.

## ORDER

BUA, District Judge.

This cause comes before the court on the motion of defendant John Szybkowski for severance of Counts 15–17 from the present indictment. Rule 12(b)(5), Fed.R.Crim.P. In the 17 Count indictment handed down by the Special January, 1979 Grand Jury defendant Szybkowski is named, with defendants Miles Coleman, Thomas Kurz and John Balzano, in 13 Counts wherein postal fraud, in violation of 18 U.S.C. § 1341, is alleged [Counts 1–13]. Said defendant also is charged singly in Count 14 with having violated 18 U.S.C. §§ 1962(c) and 1963, RICO Act provisions, and in Counts 15–17 with making false and material declarations to the Grand Jury, in violation of 18 U.S.C. § 1623.

In contending that Counts 15–17, the perjury counts, should be severed from the remainder of the indictment, defendant Szybkowski takes the position that, under the dictates of Rule 8(a) of the Federal Rules of Criminal Procedure, said Counts must be looked upon as misjoined. Regarding joinder of offenses, Rule 8 specifically provides:

> (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Defendant Szybkowski argues in his present motion that, from the face of the indictment, it cannot reasonably be inferred that the misrepresentations forming the basis for the perjury charges set out in Counts 15–17 were ones which arose or developed out of the transactions alleged in Counts 1–14. That being so, he concludes, Counts 15–17 were misjoined. In response to this contention of the defendant the Government notes only that it is well settled that joinder of a perjury count with another offense in the same indictment is not so inherently prejudicial as to automatically warrant severance, and that joinder of perjury charges with other offenses has, upon review, been expressly allowed in this Circuit. *United States v. Isaacs*, 493 F.2d 1124, 1159–60 (7th Cir.), *cert. denied, Kerner v. United States*, 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974); *United States v. Kopel*, 552 F.2d 1265, 1272–76 (7th Cir. 1977); *United States v. Pacente*, 503 F.2d 543, 545–48 (7th Cir. 1974).

The court in *United States v. Slawik*, 408 F.Supp. 190 (D.Del.1975), when confronted with a situation not unlike the one now before this court, commented as to the propriety of joining perjury counts:

> ... There is authority to the effect that joinder [of perjury counts] is proper under [Rule 8(a)] 'if a direct connection exists between each of the perjury charges and one or more of the overt acts connected with ... a conspiracy count,' *United States v. Mitchell*, 372 F.Supp. 1239, 1255 (S.D. N.Y. 1973), *citing United States v. Sweig*, 316 F.Supp. 1148, 1158 (S.D. N.Y. 1970), *aff'd*, 441 F.2d 114, 118 (2d Cir.), *cert. denied*, 403 U.S. 932, 91 S.Ct. 2256, 29 L.Ed.2d 711 (1971) and other authorities. However, *Mitchell, Sweig*, and most of the other cases therein cited arose in situations where each defendant, named in a conspiracy count, was also charged with having committed perjury about the same subject matter charged in the conspiracy count. *E. g., United States v. Cohn*, 230 F.Supp. 587 (S.D. N.Y.), *aff'd sub nom. Application of Gottesman*, 332 F.2d 975 (2d Cir. 1964). *See also United States v. Isaacs*, 493 F.2d 1124, 1159 (7th Cir.), *cert. denied, Kerner v. United States*, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). ...

*Id.* at 214. Absent such a direct relationship with the subject matter of the other offenses charged, the *Slawik* court reasoned, joinder of a perjury count likely would be improper under Rule 8. *Id.* at 212–14. *See United States v. Gill*, 490 F.2d 233, 238–39 (7th Cir. 1973).

In the present indictment, the perjury charges at issue have not been tied directly

to the other offenses alleged. The schemes forming the basis for the charges made in Counts 1–13, and upon which the RICO violations alleged in Count 14 also clearly are premised, deal with attempts by defendants Szybkowski, Coleman, Kurz and Balzano to defraud the City of Chicago by having that municipality compensate the Central Auto Body Shop, a concern owned in part by defendant Szybkowski, for repair work purportedly but not actually done on certain Chicago Police Department vehicles. Presented in the indictment with respect to these charges are comprehensive discussions both as to how each defendant participated in the schemes alleged, and as to what paperwork had to be fraudulently created before said schemes could be carried off. The charges made in Counts 1–13, in addition, relate only to checks mailed to the Central Auto Body Shop by the City of Chicago.

The charges made in Counts 15–17 pertain solely to misrepresentations defendant Szybkowski allegedly made to the Grand Jury concerning checks, made out to cash, which were drawn on the checking account of the Central Auto Body Shop. How these checks may be relevant to the schemes set out in Counts 1–13 is not in any way explained, either in the indictment or in the Government's response to the present motion. The only apparent tie between the schemes alleged in Counts 1–13 and defendant Szybkowski's conduct before the Grand Jury is set forth in paragraph 10 of Count 1 of the indictment, where it is stated:

10. It was further a part of said scheme and artifice to defraud that JOHN SZYBKOWSKI, defendant herein, would and did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden the purposes of and acts done in furtherance of the scheme and artifice to defraud including his misrepresentation of submitting false and fraudulent documents before this Grand Jury.

The relationship of this allegation to the charges made in Counts 15–17, however, is far from clear. This is so because, in the perjury counts, the Government does not contend that the documents which are the subject of said charges were fraudulent. Rather, the Government's position in Counts 15–17 is that defendant Szybkowski testified falsely with respect to certain authentic documents then in the hands of the Grand Jury.

 That such a vague reference regarding defendant Szybkowski's conduct before the Grand Jury can be considered sufficient to sustain the joinder of Counts 15–17 is doubtful. When such is not entirely clear from the face of the document, that multiple offenses joined in the same indictment are sufficiently related to satisfy the dictates of Rule 8(a) "is most often established by showing that [many of] the same facts [will] be adduced to prove each of the joined offenses." *United States v. Ostrer*, 460 F.Supp. 1388, 1390 (S.D. N.Y. 1978), *quoting United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977); *United States v. Gentile*, 495 F.2d 626 (5th Cir. 1974); *United States v. Roselli*, 432 F.2d 879, 899 (9th Cir. 1970). In the present matter, the schemes discussed in Counts 1–13 deal with checks mailed to the Central Auto Body Shop by the City of Chicago. It is not contended anywhere in the indictment that monies fraudulently obtained as a result of these schemes were ever returned or "kicked back" to the City employee defendants [Coleman, Kurz and Balzano]. To the contrary, from the allegations presented therein the only individual named in the indictment who could reasonably be looked upon as having been unjustly enriched by said schemes is defendant Szybkowski, through his part–ownership of the Central Auto Body Shop.

In view of the above, when the Government's failure to further explain the relationship between the offenses also is considered, this court believes that to conclude at this time that the evidence presented with respect to Counts 1–14 likely would overlap with and/or relate to that needed to sustain the perjury charges made in Counts 15–17 would be improper. That being true, following the reasoning in *Slawik* it is the finding of this court that Counts 15–17

have been misjoined. *See United States v. Quinn,* 365 F.2d 256, 263–67 (7th Cir. 1966). *See also United States v. Gill, supra* at 238–39.

When counts alleging separate offenses are joined improperly in an indictment, pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure the misjoined counts must, as a matter of law, be severed. *E. g., United States v. Lane,* 584 F.2d 60, 62 (5th Cir. 1978); *United States v. Nettles,* 570 F.2d 547, 551 (5th Cir. 1978). Such being the law, the motion of defendant Szybkowski to have Counts 15–17 severed from the present indictment is ordered granted.

IT IS SO ORDERED.