08-4914-cr
*United States v. Figueroa*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of April two thousand eleven.

PRESENT:    ROBERT D. SACK,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                            *Circuit Judges*.

_____

UNITED STATES OF AMERICA,
            *Appellee*,

-v.-                                    No. 08-4914-cr

DIEGO C. FIGUEROA,
            *Defendant-Appellant*.

_____

ROBERT G. SMITH, Assistant Federal Public Defender, Western District of New York (Jay S. Ovsiovitch, Of Counsel, *on the brief*), Rochester, New York, *for Defendant-Appellant*.

MONICA RICHARDS, Assistant United States Attorney (Stephan J. Baczynski, Assistant United States Attorney, *on the brief*), *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, New York, *for Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Diego Figueroa ("Figueroa") appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*), filed October 2, 2008, convicting him, after trial by jury, of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); possession of heroin, in violation of 21 U.S.C. § 844(a); possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and sentencing him to 240 months' imprisonment, six years' supervised release, and special assessments totaling $400. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Newly Discovered Evidence

First, Figueroa asserts that the district court abused its discretion in denying his motion for a new trial, brought pursuant to Federal Rule of Criminal Procedure 33, based on newly discovered evidence of professional misconduct by the Monroe County Public Safety Laboratory forensic chemist, Linda Teague ("Teague"), who performed testing on the narcotics seized from Figueroa and who testified at his trial. Federal Rule of Criminal Procedure 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." We review a district court's denial of such a motion for abuse of discretion, mindful that "[t]he grant of a Rule 33 motion requires 'a real concern that an innocent person may have been convicted.'" *United States v. Parkes*, 497 F.3d 220, 232 (2d Cir. 2007) (quoting *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001)); *see also United States v. Canova*, 412 F.3d 331, 349 (2d Cir. 2005) (noting that "[t]he ultimate test is whether letting a guilty verdict stand would be a manifest injustice" (internal quotation marks omitted)). Since "motions for a new trial are disfavored in this Circuit," *United*

*States v. Gambino*, 59 F.3d 353, 364 (2d Cir. 1995), we have emphasized that a motion for a new trial based on newly discovered evidence should be granted "only *in the most extraordinary circumstances*," *United States v. Spencer*, 4 F.3d 115, 118 (2d Cir. 1993) (internal quotation marks omitted; emphasis in original).

When presented with a motion for a new trial based on newly discovered evidence,

> [i]n the exercise of his discretion the trial judge must determine whether there is [a] showing: (1) that the evidence could not with due diligence have been discovered until after the trial; (2) that the evidence is material to the factual issues at the trial and not merely cumulative and impeaching; and (3) that the evidence would probably produce a different result in the event of a new trial.

*United States v. Zane*, 507 F.2d 346, 347 (2d Cir. 1974). Moreover, "[t]he trial court has broad discretion to decide Rule 33 motions based upon its evaluation of the proof produced . . . because, having presided over the trial, it is in a better position to decide what effect the newly discovered materials might have had on the jury." *Gambino*, 59 F.3d at 364 (internal quotation marks and citations omitted).

Here, the evidence of Teague's professional misconduct would have done no more than impeach her credibility. There is no evidence that Teague committed errors in her analysis of the narcotics seized from Figueroa, or that she committed perjury at Figueroa's trial. To the contrary, any evidence of her misconduct in other cases might, at best, have been used to undermine her testimony. In light of the evidence presented at his trial, Figueroa has made an insufficient showing here that "the evidence is not merely cumulative or impeaching," *United States v. Owen*, 500 F.3d 83, 88 (2d Cir. 2007), or that the "admission of the evidence would *probably* lead to an acquittal" in a new trial, *United States v. Alessi*, 638 F.2d 466, 479 (2d Cir. 1980) (emphasis added); *see also Gambino*, 59 F.3d at 364 ("[T]he standard for granting such a motion is strict; that is, newly

3

discovered evidence must be of a sort that could, if believed, change the verdict."). Accordingly, the district court did not abuse its discretion in denying Figueroa's new trial motion.

## II. Substantive Reasonableness of Figueroa's Sentence

Next, Figueroa contends that his sentence is substantively unreasonable. We review sentences for reasonableness, *see United States v. Booker*, 543 U.S. 220, 261-62 (2005), a standard akin to abuse of discretion, *United States v. Cavera*, 550 F.3d 180, 187-89 (2d Cir. 2008) (en banc). We have emphasized that "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *Id*. at 188. Thus, "[t]he fact that [an] appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Rather, we will consider only "whether the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances." *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008). This review is intended only "to provide a backstop against sentences that are shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010) (internal quotation marks omitted). Accordingly, if the resulting sentence is reasonable, "we will not second guess the weight (or lack thereof) that the [sentencing] judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v. Fernandez*, 443 F.3d 19, 34 (2d Cir. 2006).

The district court sentenced Figueroa to a total term of imprisonment of 240 months, a substantial downward variance from the advisory Guidelines range of 360 months to life. Nevertheless, Figueroa contends that the district court abused its discretion in failing to sentence him to the mandatory minimum sentence of five years and three months' imprisonment, arguing that any

greater sentence, given Figueroa's health and life expectancy, was "effectively a life sentence." The record, however, clearly demonstrates that the district court conscientiously took Figueroa's health into consideration, resulting in a sentence well below the bottom of the Guidelines range. The court expressly noted that it had considered Figueroa's "individual circumstances" and his "physical condition," meriting a downward variance, but declined to depart further based on its assessment of, *inter alia*, the seriousness of Figueroa's offense and his history of recidivism. We have recently observed that it is "difficult to find that a below-Guidelines sentence is unreasonable," *United States v. Perez-Frias*, — F.3d —, 2011 WL 1184390, at *3 (2d Cir. Mar. 31, 2011), given that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances," *Fernandez*, 443 F.3d at 27. On the record presented, we cannot conclude that Figueroa's sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *Dorvee*, 616 F.3d at 183 (internal quotation marks omitted), and we will not second-guess the district court's exercise of its discretion, *see Fernandez*, 443 F.3d at 34.

We have considered all of Defendant-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5