**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Joseph SATTERFIELD, Defendant-Appellant.**

No. 75–1873.

United States Court of Appeals, Ninth Circuit.

Feb. 16, 1977.

Diane Spies, argued, Connall & Spies, Portland, Or., for defendant-appellant.

Jack C. Wong, argued, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

## OPINION

Before BROWNING and KENNEDY, Circuit Judges, and SWEIGERT,* District Judge.

ANTHONY M. KENNEDY, Circuit Judge:

In this case we reverse a robbery conviction, for the appellant was improperly joined with a codefendant for trial.

On October 9, 1974 a ten-count indictment was returned against appellant Satterfield and one Harvey Willard Merriweather. The charges pertained to five Oregon bank robberies committed in the greater Portland area during the summer of 1974.[1] Merriweather and Satterfield were joined in a single indictment charging that Merriweather alone had perpetrated the first, second, and fifth robberies, and that Merriweather and appellant Satterfield together had committed the third and the fourth.

It was never alleged that Satterfield was involved in the first, second, and fifth robberies, whether as a participant in a common plan or in any other manner. The

Government conceded as much at trial. The indictment, moreover, did not charge the defendants with conspiracy. A jury found both defendants guilty as charged. We affirm Merriweather's conviction by separate unpublished memorandum. We reverse the judgment against Satterfield and remand for further proceedings.

■ At various stages of the proceedings below, Satterfield timely moved for a separate trial on the ground that under Fed.R. Crim.P. 8(b), he had been improperly joined in the indictment. He contends that the trial court erred in refusing to grant his motions. We agree.

Fed.R.Crim.P. 8 provides:

(a) *Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(b) *Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the de-

---

* Honorable William T. Sweigert, United States District Judge for the Northern District of California, sitting by designation.

1. The indictment charged the defendants with bank robbery in violation of 18 U.S.C. § 2113(a), and with carrying firearms during the commission of a felony in violation of 18 U.S.C. § 924(c) or with aiding and abetting that offense in violation of 18 U.S.C. § 2. Count I of the indictment charged Merriweather with a bank robbery on July 22 in violation of 18 U.S.C. § 2113(a); count II charged that during the July 22 robbery, Merriweather violated 18 U.S.C. § 924(c); count III charged Merriweather with a robbery on August 14 in violation of 18 U.S.C. § 2113(a); count IV charged that during the robbery on August 14, Merriweather violated 18 U.S.C. § 924(c); count V charged

both Merriweather and Satterfield with a robbery on August 19 in violation of 18 U.S.C. § 2113(a); count VI charged that Merriweather, during the robbery on August 19, violated 18 U.S.C. § 924(c) and that Satterfield aided and abetted that crime in violation of 18 U.S.C. § 2; count VII charged both Merriweather and Satterfield with a robbery on September 11 in violation of 18 U.S.C. § 2113(a); count VIII charged that Merriweather during the September 11 robbery, violated 18 U.S.C. § 924(c) and that Satterfield aided and abetted that crime; count IX charged Merriweather with a robbery on September 18 in violation of 18 U.S.C. § 2113(a); count X charged that Merriweather, during the September 18 robbery, violated 18 U.S.C. § 924(c).

fendants need not be charged in each count.

Rule 8(a) applies only to joinder of offenses against a single defendant. Where more than one defendant is named in an indictment, the provisions of rule 8(b) control. *United States v. Roselli*, 432 F.2d 879, 898 (9th Cir. 1970); C. Wright & A. Miller, 1 *Federal Practice and Procedure* §§ 143 & 144 (1969 & Supp.1976); 8 *Moore's Federal Practice* ¶ 8.06 (2d ed. 1965 & Supp.1976).

Nevertheless, in evaluating an allegation of misjoinder of persons under rule 8(b), the controlling standards for such joinder are best understood by contrasting them with the standards for joinder of offenses in a single defendant trial under rule 8(a). While rule 8(a) permits joinder against one defendant of offenses "of the same or similar character," even where those offenses arise out of wholly separate, unconnected transactions, *United States v. Roselli*, 432 F.2d at 898; 1 C. Wright & A. Miller, supra, § 144, rule 8(b) treats joinder of *multiple* defendants differently. In *United States v. Roselli*, we described the operation of the rule as follows:

> Under Rule 8(b), the sole basis for joinder of charges against multiple defendants is that the defendants "are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." It is irrelevant that Rule 8(a) permits charges "of the same or similar character" to be joined against a single defendant, even though they do not arise out of the same or connected transactions. Charges against multiple defendants may not be joined merely because they are similar in character, and even dissimilar charges may be joined against multiple defendants if they arise out of the same series of transactions constituting an offense or offenses.

432 F.2d at 898. (citations omitted).

■ From the foregoing, it follows that Satterfield was properly joined in the indictment and for trial only if all of the offenses charged in the indictment arose out of the same series of transactions.

Joinder under rule 8(b) cannot be based on a finding that the offenses charged were merely of the same or a similar character. In considering what constitutes a "series of transactions" we have stated that the term "transaction" is a word of flexible meaning. *United States v. Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971). Whether or not multiple offenses joined in an indictment constitute a "series of acts or transactions" turns on the degree to which they are related. In the cases under rule 8(b), that relation is most often established by showing that substantially the same facts must be adduced to prove each of the joined offenses. *United States v. Gentile*, 495 F.2d 626 (5th Cir. 1974); *United States v. Roselli*, 432 F.2d at 899. We have thus stated that rule 8(b)'s " 'goal of maximum trial convenience consistent with minimum prejudice' is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joint charges." *United States v. Roselli*, 432 F.2d at 899. Other logical relationships might also be sufficient to establish that a group of offenses constitutes a "series of acts or transactions," but a mere showing that the events occurred at about the same time, or that the acts violated the same statutes, is not enough. *See United States v. Friedman*, 445 F.2d at 1083.

■ Notwithstanding our express policy that rule 8(b) should be construed broadly in favor of initial joinder, *id.* at 1082, we are convinced that in the instant case Satterfield was improperly joined with the codefendant, Merriweather.

■ Most of the testimony at the trial related to the first, second, and fifth robberies, which were committed by Merriweather alone. The evidence against Merriweather was strong. Descriptions of a vehicle leaving the scene of the fifth robbery matched his car. A search of the car pursuant to a warrant revealed $5,000 in currency, and a mask and clothing similar to that worn at one or more of the robberies by a person later identified as Merriweather. Eye witness testimony and bank sur-

veillance films from closed circuit television cameras were also introduced at trial to identify Merriweather as the perpetrator of the first, second, and fifth robberies. The evidence adduced at trial relative to the first, second, and fifth robberies pertained solely to acts undertaken by Merriweather alone. Furthermore, in a separate trial of Satterfield for the third and fourth robberies, evidence pertaining to the first, second, and fifth robberies would have been irrelevant. Thus, this is not a situation where substantially the same facts would have been adduced at separate trials. Since a nexus between each offense charged in the indictment was absent, we cannot say, on these facts, that the five robberies each arose out of the same series of acts or transactions. Joinder of Satterfield cannot be justified merely because the robberies which Merriweather perpetrated alone were somewhat similar in character to the robberies in which both defendants participated.

Relying on our holding in *United States v. Patterson*, 455 F.2d 264 (9th Cir. 1972), the Government nevertheless argues that joinder was proper in this case because one of the defendants named in the indictment was mentioned in every count and because the modus operandi in each bank robbery was similar. It contends that this similarity provides the needed nexus between the joined offenses and establishes that the offenses charged constituted "a series of transactions." In *Patterson*, the indictment charged that the appellant and one Mortillaro had engaged in multiple counts of mail fraud; it was also alleged that Mortillaro and a third defendant, one Aquino, had engaged in offenses with substantially the same modus operandi. In holding that joinder under rule 8(b) was proper, we noted that Mortillaro was a common participant in each count and that the modus operandi in each count was "basically the same." *Id.*

at 266. We concluded that appellant and the others were charged with "the same basic fraudulent scheme which they jointly and individually executed within a six month period." *Id.*

*Patterson* is distinguishable from this case on various grounds. First, a mere similarity in the manner in which several offenses are carried out—a similar "modus operandi"—is insufficient by itself to justify joinder under rule 8(b), absent some factual or logical relation among those offenses. In *Patterson*, the indictment charged that each incident of mail fraud had been carried out in an intricate and highly sophisticated manner that suggested a close connection among the offenses charged against the three defendants. Indeed, we found the existence of a "scheme" that had been jointly and individually executed. In this case, as noted above, the Government conceded at trial that the first, second, and fifth robberies were not part of any common scheme or plan in which Satterfield had participated.

As a practical matter, moreover, the five robberies in this case did not reflect a distinct pattern. They were certainly not virtually identical. Although the robbers were disguised during the robberies, the disguises were not the same every time. In any event, use of disguises is so common in bank robberies that resorting to the device on different occasions does not by itself constitute a common pattern. Any similarity between the disguises worn at the several robberies fails to reach the level of similarity present in *Patterson*, where each count charged that the defendants had engaged in complex criminal ventures that had been carried out in virtually the same manner. Given these factors, we reject the Government's claim that a similar modus operandi justified joining Satterfield in an indictment that charged Merriweather with the five robberies.[2]

---

**2.** *United States v. Griffin*, 464 F.2d 1352 (9th Cir. 1972) is also distinguishable. There, the defendants were jointly indicted for conspiracy to import heroin. The conspiracy allegation in the indictment provided the basis for joinder of the defendants under rule 8(b). *See United States v. Donaway*, 447 F.2d 940, 943 (9th Cir.

1971). Moreover, we found that the several offenses proved at trial had virtually identical modi operandi. In this case, the indictment contained no conspiracy allegation that could serve as a nexus between the offenses. As we have indicated, furthermore, the modi operandi in the robberies were not "virtually identical."

The Government makes a second argument, related to the "modus operandi" justification discussed above. It claims that evidence as to all the robberies would have been admissible to establish Merriweather's motive, intent, etc., even if he and Satterfield had been tried jointly in a prosecution limited to the third and fourth robberies. Citing our decision in *Roselli*, the Government concludes that because the evidence as to all robberies would have been admissible in a trial limited to the crimes in which both defendants allegedly participated, joinder was proper.

Although superficially appealing, the argument, on closer scrutiny, is unpersuasive. Even assuming that at a joint trial limited to the third and fourth robberies evidence of Merriweather's involvement in the other three offenses would have been admissible against him to show motive, etc., it does not follow that joinder under rule 8(b) was proper. The evidence put forth to prove an offense for which a defendant is tried will generally be more extensive, and thus more damaging, than that which would be adduced to establish a prior crime as proof of such matters as motive or intent. At a joint trial, where one defendant is charged with offenses in which the other defendants did not participate, the detailed evidence introduced to establish guilt of the separate offenses may shift the focus of the trial to the crimes of the single defendant. In such cases, codefendants run a high risk of being found guilty merely by association. That risk was present here, where highly probative evidence was introduced to show that Merriweather had committed the first, second, and fifth robberies.

█ It is also significant that where evidence of prior criminal acts is proffered, the trial court has discretion to limit, or even to exclude, such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *Lyda v. United States*, 321 F.2d 788, 790 (9th Cir. 1963); *see United States v. Campbell*, 466 F.2d 529, 530–31 (9th Cir. 1972). *See also* Fed.R.Evid. 403. Where multiple offenses are charged in an indictment, however, a trial judge must permit the prosecution to establish each of those offenses beyond a reasonable doubt.

█ The Government's argument, moreover, is conceptually wrong. Where the prosecution introduces evidence of prior crimes to show motive or like matters, the test of admissibility is frequently whether the prior offenses are similar to those charged. As noted above, while such similarity permits joinder under rule 8(a), it is simply not sufficient for joinder under rule 8(b).

Finally, the Government argues that if joinder under rule 8(b) was improper the error was harmless and reversal is not required.[3] The foregoing discussion, however, shows that Satterfield was substantially prejudiced by joinder with Merriweather. To reiterate: The jury first heard evidence on the fifth robbery, proof of which was exceptionally strong against Merriweather. Subsequently, the jury heard evidence pertaining to the first and second robberies. This evidence, relating to Merriweather alone, could have had no other effect than to prejudice Satterfield in the precise manner against which rule 8(b) seeks to protect. Furthermore, the case against Merriweather for the three robberies committed by him alone was stronger than the case against Satterfield for the third and fourth robberies. Although the trial court instructed the jury that the evidence relating to the first, second, and fifth robberies concerned Merriweather alone, in our view the substantial proof of Merri-

---

**3.** This circuit has held, at least where two or more defendants have been tried jointly on not wholly unrelated charges, that it is proper to inquire under Fed.R.Crim.P. 52 whether the error is harmless. *United States v. Roselli*, 432 F.2d 879, 901 (9th Cir. 1970); *United States v.*

*Friedman*, 445 F.2d 1076, 1083 (9th Cir. 1971). There is authority to the contrary. *See* 1 C. Wright & A. Miller, *Federal Practice and Procedure* § 144 at 329 n.73 (1969 & Supp.1976) and cases cited therein.

weather's involvement in these robberies prejudiced Satterfield.

We recognize that even permissible joinder will often result in some prejudice to a defendant. The purpose of rule 8(b) is to limit joinder to those cases where considerations of trial efficiency clearly outweigh a defendant's interest in a separate trial. *Cf. King v. United States*, 355 F.2d 700, 703 (1st Cir. 1966). In this case, serious prejudice to Satterfield has been demonstrated. Misjoinder under rule 8(b) therefore requires that his conviction be set aside.

The judgment of conviction is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.