**UNITED STATES of America, Plaintiff,**

v.

**Sergio MARANGHI, et al., Defendants.**

**No. CR–88–0763 EFL.**

United States District Court,
N.D. California.

July 26, 1989.

---

Peter Bresciani, Charles Gretsch, Gregor D. Guy–Smith, André La Borde, Ian G. Loveseth, Arthur Pirelli, Nancy Roscoe, John Runfola, Ellen Chaitin, Michael Stepanian, Doron Weinberg, Brian H. Getz, San Francisco, Cal., for defendants.

Joseph P. Russoniello, Geoffrey A. Anderson, Barbara Brennan Silano, U.S. Dept. of Justice, San Francisco Strike Force, San Francisco, Cal., for plaintiff.

## ORDER GRANTING MOTIONS TO SEVER

LYNCH, District Judge.

### INTRODUCTION

This matter is before the Court on defendants' motions to sever under Fed.R. Crim.P. 8(b). On February 17, May 3, and again on July 21, the government has filed proffers of facts which it feels justify the

---

joinder of offenses and defendants in one trial before this Court.

## DISCUSSION

According to the government's account[1], Sergio Maranghi and LoMonaco collaborated during 1987–88 to sell both cocaine and heroin, for which Zavala was a primary source. John Maranghi was storing these drugs for his father. On different occasions, Parviz, Biradelli and Beitashour were introduced as additional sellers and/or intermediaries. An undercover agent made several purchases. In late 1988 LoMonaco and Iantorno sold a kilogram of cocaine to a second government agent. The roles of Ruffa, Miglioli, Messina, Ariza, and Miranda are unexplained except for the cursory language of the indictment.

Multiple defendants may be charged in a single indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b). Rule 8(b) balances the judicial efficiency inherent in group trials with fairness to the individual defendant, whose case would be prejudiced if it were presented alongside those of defendants whose unrelated crimes could incite the passion of the jury against him. "The rules are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of defendants to a fair trial." *Bruton v. U.S.*, 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620, 1625 n. 6, 20 L.Ed.2d 476 (1968), *quoting Daley v. United States*, 231 F.2d 123, 125 (1st Cir.1956).

The limits set by Rule 8(b) cannot be taken lightly. Misjoinder can constitute reversible error, which hardly serves the cause of efficiency. The trial court is forced to size up the evidence against the defendants before it is proved before a jury. In so doing, courts have followed two approaches in defining the "series of acts or transactions" which permit the joint trial.

The first is a functional test derived from the goals of efficiency and fairness; it might be termed the "overlapping evidence" test. In an early case the Ninth Circuit stated that "Rule 8(b)'s 'goal of maximum trial convenience consistent with minimum prejudice' is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges." *United States v. Roselli*, 432 F.2d 879, 899 (1970), *citing* 8 Moore's Federal Practice at 8–36.

*Roselli* involved a "card-peeking" scheme with a changing roster of participants who cheated in card games at the Friars Club. Racketeering and tax charges against several defendants were prosecuted in one trial. "Because of [the] large area of overlapping proof, trial economy and convenience were served by joinder, and because the area of proof that would be inadmissible at separate trials was relatively small, any additional prejudice to the defendants from the joinder was slight." *Id.* at 899.

Though it is not a requirement, this overlap would ordinarily appear on the face of the indictment itself.[2] The indictment here does no more than identify a series of drug transactions and the dates on which they took place. Nowhere does it explain the connection between an individual transaction and those defendants not directly charged with it. Because the government has been adamant about trying the defendants en masse, the Court has given it several opportunities to supplement the indictment with a proffer of evidence. What has been provided still will not support the joinder of all defendants under Rule 8(b).

---

1. For the complete proffer, refer to Brief of the United States on the Issue of Separate Trials, Corrected Brief for the United States on the Issue of Joinder in Compliance with Rule 8(b) of the Rules of Criminal Procedure, and Supplemental Memorandum in Opposition to Defendant Zavala's Request for Severance.

2. In some circuits joinder is determined from the allegations of the indictment alone. *See, e.g., U.S. v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir.1985).

■ The "overlapping evidence" test suggests a rule of proportionality: for each defendant, the relevant evidence at trial should exceed the irrelevant. Accordingly, the government cites cases in which joinder is found proper even though a defendant appears in most, but not all, counts, and where he directly participates in most, but not all, of the acts which constitute the offense. In *U.S. v. Martinez*, 479 F.2d 824 (1st Cir.1973), a generous example of joinder, the government combined the prosecution of two heroin sales, five days apart, by two men in the same apartment to the same undercover agent. A third defendant, charged with aiding and abetting one sale but not the other, objected to his inclusion in their trial. The Court of Appeals upheld the joinder.

The case against a defendant like Ruffa is entirely different. He is charged with the distribution of approximately one-half gram of cocaine on January 11, 1989. The evidence relevant to that one transaction will be dwarfed by that offered to prove the existence of an international drug conspiracy involving a dozen other defendants and an untold number of other deals—all irrelevant to the offense with which Ruffa has been actually charged, the *only* offense the government is willing to prove against him. The possibility for prejudice by association is enormous. During trial there would be an endless litany of admonitions as to whom each piece of evidence was admitted. The jury would be saddled with the hopeless task of segregating the facts. The same analysis applies in varying degrees to the other defendants charged with individuated offenses during discrete time periods.

The Ninth Circuit reached a similar conclusion in *U.S. v. Satterfield*, 548 F.2d 1341 (1977) (Kennedy, J.). In that case Merriweather and Satterfield were charged in two counts with two bank robberies they had committed together. These charges were joined at trial with three bank robberies that Merriweather committed alone during the same summer. Satterfield's conviction was reversed:

> [T]his is not a situation where substantially the same facts would have been adduced at separate trials. Since a nexus between each offense charged in the indictment was absent, we cannot say, on these facts, that the five robberies each arose out of the same series of acts or transactions. Joinder of Satterfield cannot be justified merely because the robberies which Merriweather perpetrated alone were somewhat similar in character to the robberies in which both defendants participated.

*Id.* at 1345.

The government would distinguish *Satterfield* by supplying that nexus. It alleges that the transactions in the indictment were part of a larger strategy to lay a pipeline for the importation of heroin and cocaine from abroad. In fact, the Ninth Circuit has also used this type of joinder test, one less utilitarian, which abstracts from the evidence to characterize the offenses in terms of a "common scheme." In *United States v. Ford*, 632 F.2d 1354, 1371 (9th Cir.1980), Judge Wallace described it thusly:

> In considering whether a particular set of events constitutes a "series of acts or transactions," we have stated that "transactions" has a flexible meaning and that the existence of a "series" depends upon the degree to which the events are related. Mere factual similarity will not suffice. Rather, there must be some greater "logical relationship" between the occurrences. Such a logical relationship may be shown by the existence of a common plan, scheme, or conspiracy.

(citations omitted). *See also United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985) (requiring "a common plan or scheme and so could ... have been charged as a single conspiracy"); *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir.1982) ("acts must be part of one overall scheme about which all joined defendants knew and in which they all participated").

■ Again, neither the indictment nor the proffers satisfies this version of the test. The government charges not one but *seven* conspiracies, and five defendants are

not charged in conspiracies at all.[3] There is no reason to believe that each and every defendant was working toward a common end in which all would share the fruits of their collective labor. The government serves up much rhetoric about the building of an empire, but offers little tangible proof that the defendants were acting in concert.

As best the Court can tell, Sergio Maranghi, LoMonaco, and Zavala worked together to distribute drugs. To borrow from the metaphor of conspiracy law, they sat at the hub of the enterprise. Even granting the government's belief that they were planning for the long term, there is no evidence that the other intermediaries they engaged knew of anything more than their own individual transactions. Defendants like Parviz, Biradelli, and Beitashour occupied the "spokes" of the enterprise. They may not be joined at trial simply because conspiracies of which they were a member included members common to all. *See Velasquez*, 772 F.2d at 1353. And there is almost no evidence that the spokes had any contact with or knowledge of each other at the "rim."

Finally, there are some defendants whose relationship to the whole is so unclear that they fail to qualify even as spokes. Even the government has admitted that defendants like Miranda, Miglioli, and Messina should be tried separately from the defendants at the hub.

Judge Kennedy found improper joinder in a similar case which followed closely upon *Satterfield*.[4] The indictment in *U.S. v. Martin*, 567 F.2d 849 (9th Cir.1977), charged one Macias with various conspiracies to import and distribute drugs, offenses which took place during the winter of 1973–74. Martin was charged in most, but not all, of the counts—his role was limited to receiving drugs from a courier in December of 1973. Because there was much proof of conspiracies with which Martin was not charged, his joinder was improper, this despite the fact that "the

events leading to the indictment of Martin, Macias, and others indicated that a well organized scheme was in operation to import and distribute various controlled substances." *Id.* at 851.

Without proof of a defendant's ambition within the grand design—his expectation to profit by participating in something bigger than the sales with which he is charged—this Court will not permit the joinder of his prosecution with that of the other defendants. It is not enough that others may use him casually for their own purposes. The Court lacks the facts to conclude that the transactions here interlock to the degree required by Rule 8(b). It most certainly lacks the facts to conclude that such would be true of every defendant indicted.

The Court does not question the good faith of the government. Nevertheless, this Court's response to a pretrial motion to sever is limited by the sketchy nature of the proffers, the sheer number of defendants, and the narrow charges each defendant actually faces.

## CONCLUSION

Given the principles articulated above, the Court severs the defendants and counts into the following ten groups to be tried separately:

A. *Sergio Maranghi/Zavala/LoMonaco:* Maranghi and LoMonaco are charged together in Counts 1, 2, 6, and 7. They are separately charged in Counts 9, 10, 12, 13, 21 (Maranghi), 8, 11, and 22 (LoMonaco). Zavala is charged individually in Count 26 and with Sergio Maranghi in 16, 17, and 20.

The government has argued strenuously to include Zavala with Maranghi and LoMonaco even though his collaboration is not as obvious in the indictment. With the addition of the proffers, it appears that the three were working together during 1988 and perhaps earlier. For example, all three are charged with facilitation offenses for the same time period subsequent to January 15, 1988. *See* Counts 21, 22 and 26.

---

**3.** It is not, however, a *requirement* for joinder that the indictment allege one overarching conspiracy. *Bledsoe,* 674 F.2d at 656.

**4.** The conviction was affirmed because the improper joinder was harmless error. *Id.* at 854.

**1454**

B. *Ruffa* is charged individually in Count 3 with the distribution of cocaine in January of 1987.

C. *Sergio Maranghi/Beitashour/Lo-Monaco:* All three are charged in Count 4. Sergio Maranghi and Beitashour are charged in Count 5. Both counts apparently involve the same sale of heroin in May of 1987.

D. *LoMonaco/Iantorno:* Both are charged in Counts 28 and 29 with offenses associated with the sale of cocaine in November of 1988.

E. *Sergio Maranghi/Parviz:* Both are charged in Counts 14 and 15 for offenses associated with the distribution of heroin in July of 1988.

F. *Miglioli/Messina:* Both are charged in Counts 18 and 19 with offenses associated with the distribution of cocaine in October of 1988.

G. *Sergio Maranghi/Zavala/Biradelli:* These three are charged in Count 27 with the distribution of cocaine in November of 1988.

H. *Miranda* is charged in Count 23 with facilitation during the first half of 1988.

I. *John Maranghi* is charged in Count 24 with facilitation during the first half of 1988.

J. *Ariza* is charged in Count 25 with facilitation during the first half of 1988.

At the government's election, any count which includes Sergio Maranghi, Zavala, or LoMonaco may be tried with the "A" counts as long as the other defendants in the non–A counts are tried separately. This election should be made by filing a declaration with the Court by August 15.

This ruling does not foreclose future motions to sever under Fed.R.Crim.P. 14. All Rule 14 motions now pending are denied without prejudice.

IT IS SO ORDERED.