**UNITED STATES of America**

**v.**

**Mario ALEGRIA, Victor Pena, Rafael Mercedes, George Espinal, and Alan Raphael, Defendants.**

**No. S 90 Cr. 0450 (RWS).**

United States District Court,
S.D. New York.

April 11, 1991.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., New York City (Steven M. Witzel, Asst. U.S. Atty., of counsel), for U.S.

Heriberto A. Cabrera, New York City, for defendant Mario Alegria.

James Kousouros, Elmhurst, N.Y., for defendant Victor Pena.

David Van Muraskin, New York City, for defendant Rafael Mercedes.

Lawrence K. Feitell, New York City, for defendant George Espinal.

Weil, Gotshal & Manges, New York City (John R. Wing, Diane B. deForest, of counsel), for defendant Alan Raphael.

## OPINION

SWEET, District Judge.

Defendant Alan Raphael ("Raphael") has moved pursuant to Rules 8(b) and 14, Fed. R.Crim.P. to sever his trial from that of co-defendants Mario Alegria ("Alegria"), Rafael Mercedes ("Mercedes"), George Espinal ("Espinal"), and Victor Pena ("Pena"), and, pursuant to Rule 7(f). Additionally, Raphael has moved pursuant to Rule 16 Fed.R.Crim.P., for the United States (the "Government") to provide a bill of particulars and further discovery relating to Counts Sixteen, Seventeen, and Eighteen of the superseding indictment.

For the reasons set forth below, the motions for severance are denied. As the Government has already complied with the request for a bill of particulars and for discovery, those motions are not properly before the court.

*The Parties*

Alegria, Pena, Mercedes, Espinal, and Raphael are the subjects of a criminal indictment unsealed in the Southern District of New York on November 14, 1990.

*Facts and Prior Proceedings*

The indictment of November 14 charged the five defendants, in nine counts, with altering vehicle identification numbers ("VINs"), possessing vehicles knowing that the VINs had been altered, transporting stolen vehicles in interstate commerce, and conspiring with each other and with other unnamed co-conspirators to commit these offenses. In Counts Ten and Eleven, the indictment charged Mercedes with possession with intent to distribute cocaine, and illegal possession of weapons and ammunition.

On February 27, 1991, a grand jury returned a superseding indictment. The 20 count superseding indictment altered the charges in the following ways. Instead of charging all five defendants with VIN altering and trafficking on altered vehicles with respect to all six cars, the superseding indictment matched specific defendants to specific cars. In addition to the conspiracy count, the substantive counts of the superseding indictment relating to Raphael include: Counts Four and Ten, charging Raphael and Alegria with the VIN alteration and possession with intent to sell of a black 1987 Jaguar (the "Jaguar"); and Counts 16, 17, and 18, which name Raphael as the sole defendant in an alleged mail and wire fraud scheme to obtain insurance from a car fraudulently reported as stolen.

Among the motions pending before the court at the time of the superseding indictment were the defendants' motions for a bill of particulars, for release of Jencks Act material, for discovery of the identity of government informants, and Raphael's motions to sever his trial from that of Mercedes, or in the alternative, to try separately the last two counts of the indictment (Counts 19 and 20 of the superseding indictment) that name only Mercedes in drug and weapons charges.

In an opinion of March 7, 1991, the court granted the request for a bill of particulars

to the extent the Government had not complied with it already, with the exception of the request for the dates the defendants joined the conspiracy and for information as to whether each defendant is being charged as a principal or aider and abettor. The court denied the discovery requests to the extent that the Government had not already complied with such requests. As the Government had agreed since the return of the superseding indictment to try separately the last two counts of the indictment (the charges against Mercedes), the severance question with respect to Mercedes was not before the court in the March 7 opinion.

On March 22, 1991, Raphael filed this motion for severance, for a bill of particulars, and for further discovery. Oral argument was heard on April 5, 1991. At oral argument the parties agreed that since the date of the motion, the Government had provided the information requested pursuant to the bill of particulars and discovery motions, with the result that the only issue before the court is the severance motion.

*Discussion*

The Rule 8(b) Motion

■ Rule 8(b) provides that the participation of multiple defendants in the "same act or transaction," or the same "series" of such acts, will authorize joint trial on common or individual counts.[1] The Second Circuit has interpreted this language to mean that joinder is proper where two or more persons' criminal acts are "unified by some substantial identity of facts and participants, or arise out of a common plan or scheme." *United States v. Cervone*, 907 F.2d 332, 341 (2d Cir.1990) (citations omitted).

In *Cervone*, the appellant, one of eighteen defendants, was charged alone in two counts of 102 count indictment alleging, *inter alia*, a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). The District Court denied appellant's motion to sever his trial. The indictment did

not charge appellant in the RICO conspiracy count or in any of the underlying racketeering acts, but instead charged him with the receipt of bribes not alleged to be part of the racketeering acts for RICO purposes. He was the only one of eighteen defendants not charged jointly in any count in the indictment with a defendant named in the RICO count. The Court of Appeals affirmed the District Court's denial, despite its finding that the connection between appellant and the rest of the defendants was "somewhat tenuous."

In *United States v. Biaggi*, 909 F.2d 662 (2d Cir.1990), the Court of Appeals affirmed the District Court's Rule 8(b) joinder in a multi-defendant trial of an extortion count and a tax evasion count alleged against one defendant. The court held that although the extortion count did not involve the same victim as alleged in other counts of the indictment, the extortion count at issue was within the same series of acts as the extortions charged to the co-defendants and "[p]roof of one scheme was helpful to a full understanding of the other." *Biaggi*, 909 F.2d at 676.

Under the standards of *Cervone* and *Biaggi*, then, Raphael's alleged insurance fraud scheme falls within the Rule 8(b) requirement that the counts at issue for the purposes of joinder of defendants fall within "the same series of acts or transactions" as set forth in those cases. In the instant case, the nexus between Raphael and the other defendants is stronger than that between the defendants in *Cervone*. In *Cervone*, the Court of Appeals deemed joinder under Rule 8(b) permissible when the defendant was not named in any of the acts of racketeering charged as overt acts in the RICO conspiracy count. In the instant case, the indictment charges Raphael with two of the overt acts alleged as part of the conspiracy. The indictment also jointly charges Raphael and Alegria with altering the VIN of the Jaguar, and possessing such car with intent to sell. Under the standards of *Cervone*, then, Raphael's alleged insurance fraud scheme falls within

---

1. It is an open question as to whether Rule 8(a) or 8(b) applies to Counts 16, 17, and 18 of the indictment. *See United States v. Biaggi*, 909 F.2d 662, 676 (2d Cir.1990).

the same series of acts as the conspiracy to alter VIN number.

Proof of the VIN alteration conspiracy at trial will, moreover, further an understanding of the insurance fraud scheme under the standard set forth in *Biaggi*. The existence of the VIN alteration conspiracy, in which Raphael was allegedly involved however tangentially, explains Raphael's alleged actions in reporting the car stolen and helps prove that the alleged report of theft was indeed fraudulent.

In support of his position that joinder in this case is impermissible under Rule 8(b), Raphael cites a number of cases in other circuits, in which courts have held joinder of defendants is improper where the offenses are unconnected. In *United States v. Satterfield*, 548 F.2d 1341 (9th Cir.1977), the Court of Appeals for the Ninth Circuit found prejudicial error in the joinder of a defendant who participated in only two bank robberies with a co-defendant whose illegal activities included three additional bank robberies. The indictment, however, did not allege that these robberies were part of a conspiracy. *See Schaffer v. United States*, 362 U.S. 511, 514, 80 S.Ct. 945, 947, 4 L.Ed.2d 921 (1960) (initial joinder of defendants proper prior to dismissal of conspiracy count at close of government's case).[2]

In *United States v. Gentile*, 495 F.2d 626 (5th Cir.1974), the Court of Appeals for the Fifth Circuit found a misjoinder under Rule 8(b) where the indictment alleged a conspiracy to possess and distribute drugs in counts one and two, but in counts three and four charged only one defendant in a separate narcotics offense. The Court of Appeal's holding that the allegation of a conspiracy was not sufficient to join the narcotics charges against only one defendant relied on the fact that the overt acts in the conspiracy did not relate to the defendant's distribution of the drug that was the subject of the separate narcotics charge. Moreover, the Court of Appeals found, the

record at trial did not disclose the existence of an enduring conspiracy; the court found that the alleged conspiracy to distribute drugs related to one incident only. In the instant case, by contrast, the conspiracy count alleges the existence of Raphael's alleged insurance fraud scheme, and includes Raphael's actions relating to the Jaguar among the overt acts. Moreover, based on the indictment, the alleged conspiracy endured for several weeks and included several overt acts. The holding in *Gentile*, therefore, does not require severance of Raphael's trial in this case.

Based on the holdings in *Cervone* and *Biaggi*, counts 16–18 of the indictment, alleging the fraudulent scheme to obtain insurance, fall within the same series of acts as the VIN conspiracy charged in the earlier counts, where Raphael is alleged as a member of the conspiracy and where proof of the VIN alteration conspiracy will help provide understanding as to the allegedly fraudulent insurance scheme. Therefore, for the foregoing reasons, Raphael's Rule 8(b) motion is denied.

The Rule 14 Motion

█ Raphael also contends that severance should be granted under Rule 14, which provides for severance if a defendant is prejudiced by a joinder of defendants or offenses. Raphael asserts such prejudice would result from the gradual accumulation of the evidence relating to the alleged VIN alteration scheme and spill over onto Raphael as he defends himself against the insurance fraud charges.

The decision whether to grant a severance is " 'committed to the sound discretion of the trial judge.' " *United States v. Benitez*, 920 F.2d 1080, 1085 (2d Cir.1990) (quoting *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990)). Where "spillover evidence" is alleged as the grounds for Rule 14 severance, the defendant's burden is heavy. *See*

---

**2.** Other cases that Raphael cites in support of his motion for severance under Rule 8(b) are similarly distinguishable on the grounds that the indictment did not allege a conspiracy, or did not allege as a member of the conspiracy

the defendant seeking severance. *See United States v. Kaplan*, 588 F.2d 71 (4th Cir.1978); *United States v. Chinchic*, 655 F.2d 547 (4th Cir.1981).

**312**

*United States v. Villegas,* 899 F.2d 1324, 1347 (2d Cir.1990) (burden of defendant appealing trial court's denial of severance based on "prejudicial spillover" "extremely heavy"). The defendant requesting severance must show substantial prejudice resulting from joinder, not just that he would have a better chance for acquittal at a separate trial. *United States v. Torres,* 901 F.2d 205, 230 (2d Cir.1990).

The cases on which Raphael relies for the proposition that spillover evidence accumulated during proof of the case against co-defendants may be prejudicial came before the Second Circuit on appeal after trial. In *United States v. Branker,* 395 F.2d 881 (2d Cir.1968), the Second Circuit considered this question after the dismissal by the trial court of the conspiracy counts against the defendants. In *United States v. Kelly,* 349 F.2d 720 (2d Cir.1965), *cert. denied,* 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966), the Court of Appeals' decision reversing the conviction of several co-defendants relied on a number of factors in addition to "spillover evidence," including erroneously admitted testimony inculpating the relevant defendants, without which the evidence supporting conviction would have been insufficient. There are no such allegations in the instant case.

Moreover, some of the evidence relating to the alleged VIN alteration conspiracy would be admissible against Raphael, insofar as such evidence relates to the overt acts alleged against both Raphael and Alegria. *See United States v. Scarpa,* 913 F.2d 993, 1013–14 (2d Cir.1990). In *Scarpa,* the Court of Appeals affirmed on Rule 14 grounds the trial court's denial of severance to a defendant where much of the evidence against the co-defendants would have been admissible against appellant-defendant, and where appellant-defendant's alleged extortion—the offense alleged solely against him which he had requested to be severed from the drug trafficking conspiracy count—was result of the extortion victim's involvement in the alleged drug conspiracy. In the instant case, there exists a similar connection between Raphael's allegedly fraudulent report of the Jaguar's theft to his insurers and the alleged VIN alteration scheme, in that the alleged fraud occurred in conjunction with the alleged alteration conspiracy with respect to the Jaguar.

Where the burden for showing prejudice in a rule 14 motion based on "spillover evidence" is high, and where there is some connection between the alleged conspiracy and the counts that charge Raphael alone such that some overlap of evidence can be anticipated at trial, Raphael has not carried his burden for showing a single trial to be prejudicial. The Rule 14 motion is accordingly denied.

*Conclusion*

For the reasons set forth above, Raphael's Rule 8(b) and Rule 14 motions are denied.

It is so ordered.