**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

v.

**AFUOLA KALASA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 66-99

February 28, 2000

Before KRUSE, Chief Justice, LOGOAI, Associate Judge, and

SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Frederick O'Brien, Assistant Attorney General
        For Defendant, Arthur Ripley, Jr.

## ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE

### Facts

Defendant Afuola Kalasa ("Afuola") is charged with 7 counts of conspiracy and 7 counts of forgery on grounds that he allegedly participated in providing counterfeit voter identification cards to 7 Vatia cricket team members. He is alleged to have prepared the allegedly forged cards with his co-defendant Tofau P. Gaoteote. His wife, Meloma Afuola, is charged with the same offenses for allegedly transferring the cards from the Voting Office to the players.

Afuola seeks to sever his trial from that of his co-defendants, who are facing similar charges arising out of the alleged voter ID card forgeries. Plaintiff American Samoa Government ("ASG") opposes severance. Afuola argues for severance on the basis that he will be prejudiced by a joint trial. He offers no facts or law in support of this bald assertion. The Court, will, however, entertain his motion because it has before it a similar, fully briefed motion from co-defendant Meloma Afuola.

### Analysis

#### A. T.C.R.Cr.P. 8 Standard for Joinder of Defendants is Met

T.C.R.Cr.P. 8(b) permits ASG to charge multiple defendants in a single information if "they are alleged to have participated . . . in the same series of acts or transactions constituting an offense or offenses." The alleged scheme involving Afuola consists of a series of acts constituting the offense of forgery. While making and transferring the cards were different actions, they were nonetheless part of a series of acts constituting forgery. Joinder of multiple defendants is proper "if all of the offenses charged in the indictment [or information] arose out of the same series of transactions. *United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977). Such is the case here, and Rule 8(b) joinder standards are therefore met.

#### B. T.C.R.Cr.P. 14 Does Not Support Severance

T.C.R.Cr.P. 14 allows a court to sever defendants for trial, even if joinder was proper under Rule 8(b), if the prejudice to a defendant outweighs interests of judicial economy. *See United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980). Afuola offers absolutely

85

no showing of prejudice. It appears from other parties' pleadings, however, that he and his wife may assume antagonistic defenses. With regards to this situation, the Supreme Court has held that mutually antagonistic defenses are not prejudicial *per se*. *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). In such cases, severance is required only if trying defendants together would compromise a specific trial right or prevent the jury from making a reliable judgment regarding the guilt or innocence of each defendant. *Id.* at 539. Afuola has offered no argument that either would occur in this case. Absent a clear showing of prejudice, the Court will not grant a severance at the expense of the taxpayers.

### Conclusion and Order

For the foregoing reasons, defendant Afuola's motion to sever is denied.

It is so ordered.