**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10097 |
| Plaintiff-Appellee, | D.C. No. 1:12-cr-00174-JMS-1 |
| v. | |
| JACOB DRUMMONDO-FARIAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted June 9, 2015
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

Jacob Drummondo-Farias ("Drummondo") appeals his conviction of

conspiracy to distribute and possess with intent to distribute methamphetamine, in

violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  The conspiracy and distribution counts were properly joined as "offenses . . . of the same or similar character." *See* Fed. R. Crim. P. 8(a); *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001).[1] The first count charged Drummondo with conspiring to distribute methamphetamine in Hawaii, beginning at an unknown date and ending in January of 2012. The second count charged Appellant with distributing methamphetamine in Hawaii in December of 2010. In light of these similarities, and because Rule 8 is to be "broadly construed in favor of initial joinder," *id.* at 573, joinder was not improper. *See Rousseau*, 257 F.3d at 932 (holding that two firearm offenses were "[c]learly" of a "same or similar character" even though "the crimes involved different evidence, did not involve a common scheme or plan," and were separated by more than six months because both counts charged "being a felon in possession of a firearm"); *United States v. Free*, 841 F.2d 321, 324 n.1 (9th Cir. 1988) ("It is fairly clear in this case that, although separated by time and involving different victims, the murder charge and the assault charges are of the same or similar character."); *cf. United States v. Satterfield*, 548 F.2d 1341, 1344 (9th Cir. 1977) (Kennedy, J.) ("[R]ule 8(a)

---

[1] Drummondo has not waived his Rule 8(a) misjoinder argument by failing to renew his motion to sever at the close of evidence: "While it is clear that a Rule 14 motion to sever must be renewed at the close of the evidence or it is waived, . . . there is no such requirement for a Rule 8 motion." *United States v. Terry*, 911 F.2d 272, 277 (9th Cir. 1990).

permits joinder against one defendant of offenses 'of the same or similar character,' even when those offenses arise out of wholly separate, unconnected transactions . . . .").

We have upheld joinder in similar circumstances. *See, e.g.*, *United States v. Akana*, 210 F. App'x 681, 682 (9th Cir. 2006) (upholding joinder of counts separated by fifteen months charging (1) conspiracy to distribute methamphetamine, and (2) possession of methamphetamine with intent to distribute).[2] And we have found no authority holding that distributing a controlled

_____

[2] Other courts have uniformly upheld joinder under these circumstances, as well. *See, e.g.*, *United States v. Melendez*, 301 F.3d 27, 35-36 (1st Cir. 2002) (upholding joinder of counts separated by nearly two years charging (1) aiding and abetting distribution of cocaine base, and (2) possession of cocaine with intent to distribute); *United States v. Turner*, 93 F.3d 276, 283-84 (7th Cir. 1996) (upholding joinder of counts separated by more than fourteen months charging (1) conspiracy to possess methamphetamine, and (2) possession of methamphetamine with intent to distribute); *United States v. Rodgers*, 732 F.2d 625, 629-30 (8th Cir. 1984) (upholding joinder of counts separated by twenty months charging (1) distribution of cocaine, and (2) possession of cocaine with intent to distribute).

substance, and conspiring to distribute that same substance less than fourteen

months later, are not offenses of "the same or similar character" under Rule 8(a).[3]

Given the similarities between the charged crimes, the substance at issue,

and the location of the alleged conduct, the charges are linked by more than a

"vague thematic connection." *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir.

2006) (internal quotation marks omitted). These counts are not similar simply

because they involve drugs. *See id.* (disapproving the hypothetical joinder of a

charge against a pharmacist for selling unlawful amounts of pseudoephedrine over-

the-counter and a subsequent charge for purchasing cocaine). Rather, these counts

---

[3] The dissent's reliance on the temporal gap between the charges in this case is misplaced. The less than fourteen-month gap between the counts—which does nothing to lessen the other similarities between the charges, both of which involve distribution of the same drug in the same state by the same defendant—does not render these otherwise similar counts dissimilar. *See, e.g.*, *Akana*, 210 F. App'x at 682 (upholding joinder of charges fifteen months apart). The dissent cites *Free* for the proposition that even shorter temporal gaps weigh against joinder, but in *Free*, we found it "fairly clear" that joinder was *proper*. 841 F.2d at 324 n.1. Nothing in our discussion in *Free* indicates that we would have reached a contrary conclusion had the temporal gap been longer.

are similar because they both relate to dealing methamphetamine in Hawaii within

a relatively short period of time.[4]

_____

[4] We need not discuss prejudice because we conclude there was no misjoinder, but we note our disagreement with the dissent's characterization of the prosecutor's charging decision. At oral argument, the government explained its decision as follows:

> **Government**: Basically, after the first trial ended in a mistrial, we went back—obviously we were trying to improve our case in any way we could—going back and looking through DEA files, they found this one buy that had been made from a task force group from Mr. Drummondo that we were not aware of at the time of the first trial.
> **Judge Wardlaw**: Who was not aware of it, the prosecutors?
> **Government**: Correct.
> **Judge Wardlaw**: Well, I don't understand. If it was worth prosecuting, why didn't the DEA bring it to you in the first place?
> **Government**: Because our standard policy is we will not accept one buy cases. There are exceptions to that. But normally we expect—
> **Judge Berzon**: Not accept what cases?
> **Government**: One buy cases, meaning there have to be multiple buys to avoid issues of entrapment, to ensure credibility of the CI, if there is one, all of those sorts of issues. Because there had never been more than one buy, they never brought it to our office for consideration.

It is possible, as the dissent asserts, that the prosecution filed the distribution charge in order to improve its chances of securing a conviction on the conspiracy count. But the government never said the new charge was filed for this purpose. We see no reason to assume the prosecutor had such an illegitimate motive when it is also possible the prosecutor, upon discovering evidence that Drummondo committed multiple crimes, deviated from ordinary policy in a legitimate effort to increase the odds of securing a conviction for distribution so that Drummondo would not entirely evade punishment if the jury again failed to convict on the conspiracy charge.

We note also that the district court instructed the jury to consider the charges separately, diminishing the risk of prejudice. *See, e.g.*, *United States v. Fiorillo*,

(continued...)

5

2. We assume, without deciding, that the district court abused its discretion in precluding the defense from cross-examining Officer Thayne Costa about a prior incident of untruthfulness, but we find the error harmless. *See United States v. Moran*, 493 F.3d 1002, 1014 (9th Cir. 2007). Even absent Costa's testimony, there was ample evidence from which the jury could reasonably have concluded beyond a reasonable doubt that Drummondo was guilty of the conspiracy charge. *See United States v. Edwards*, 235 F.3d 1173, 1179 (9th Cir. 2000) (per curiam). Two of Drummondo's co-conspirators and another uncharged co-conspirator implicated him as one of the leaders of the conspiracy. Circumstantial evidence—including postal money orders, postal service records, phone records, and flight records—corroborated these co-conspirators' testimony. Moreover, several other percipient law enforcement witnesses whose credibility was not in question testified to many of the same facts reported by Costa. Therefore, undermining Costa's credibility did not go to the heart of the defense and, indeed, would have done little if anything to bolster it. *Moran*, 493 F.3d at 1014. Accordingly, "it is more probable than not that the error did not materially affect the verdict." *Id*.

---

[4](...continued)
186 F.3d 1136, 1145 (9th Cir. 1999) (per curiam). That the jury in fact rendered a split verdict "shows that the jury followed the trial court's instructions." *United States v. Alvarez*, 358 F.3d 1194, 1206 (9th Cir. 2004).

**AFFIRMED.**



USA v. Drummondo-Farias, 14-10097

BERZON, Circuit Judge, concurring in part and dissenting in part.

I agree with the majority that any error in precluding the defense from cross-examining Costa was harmless, and therefore concur in Section 2 of the memorandum disposition. However, I conclude that the conspiracy and distribution counts were misjoined under Rule 8(a) and that the misjoinder actually prejudiced Drummondo-Farias. I therefore respectfully dissent from Section 1.

**1.** Although "Rule 8 has been 'broadly construed in favor of initial joinder,'" *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007) (quoting *United States v. Friedman*, 445 F.2d 1076, 1082 (9th Cir. 1971)), the Rule 8 test is not "without meaningful limits." *Id.* at 579. *Jawara* identified six nonexhaustive factors, quoted by the majority, to consider in assessing whether the charges in an indictment were properly joined under that prong of Rule 8(a). In my view, the enumerated *Jawara* elements, taken together, weigh against finding the charges are the same or similar. (The government advances no factors other than those enumerated in *Jawara* for consideration as to joinder.)

**(1)** The essential elements of the two crimes do not overlap. Although the offenses are related, the conspiracy charge requires no overt act, *United States v.*

*Shabani*, 513 U.S. 10, 11 (1994), and the distribution charge requires no agreement. Thus, the elements factor may tilt (a bit) in favor of finding the charges are "of the same or similar character," but not strongly.

**(2)** The charges in Drummondo-Farias' indictment are separated by nearly fourteen months. I can find only one (unpublished) case in this Circuit approving the joinder under the "same or similar character" prong of charges separated by a period of fourteen months or more, *United States v. Akana*, 210 F. App'x 681, 682 (9th Cir. 2006) (unpublished). Two of the charges in that case alleged identical statutory violations and therefore identical essential elements. Most of our cases approving joinder of charges as "offenses . . . of the same or similar character" either involve temporally overlapping charges, or temporal separations of significantly shorter duration than the one in this case. We have also suggested that even shorter temporal distances weigh *against* finding joinder was proper. *See, e.g.*, *United States v. Free*, 841 F.2d 321, 323, 324 n.1 (9th Cir. 1988). I therefore conclude the temporal proximity factor weighs against finding the charges are of the same or similar character.

**(3)** As to the third factor, "the likelihood and extent of evidentiary overlap" between the charges, the indictment makes no suggestion that the evidence on the two counts was likely to overlap. Additionally, the rather precise figures of

methamphetamine described in each count are markedly different, indicating that the physical evidence would be proved by two separately seized batches of drugs. This factor therefore also weighs against finding the charges are of the "same or similar character."

**(4)** As to the fourth factor, "the physical location of the acts," the complaint alleges that the conspiracy occurred "in the District of Hawaii and elsewhere," and that the distribution occurred "in the District of Hawaii." The District covers the entire state, comprised of seven inhabited islands. Also, as the conspiracy is alleged also to have occurred "elsewhere," the indictment indicates the physical location of the acts is partly dissimilar. I therefore conclude this factor weighs against finding that the crimes are of the same or similar character.

**(5)** As to the fifth factor, "modus operandi," the indictment is silent as to the modus operandi of either crime. I therefore conclude the modus operandi factor weighs against finding the offenses are of the same or similar character. *See Jawara*, 474 F.3d at 579

**(6)** As to the final factor, "the identity of the victims," the indictment does not identify any victims of either crime. I therefore conclude this factor weighs against finding the offenses are "of the same or similar character."

When so many of the factors *Jawara* identified as relevant to the "same or similar character" inquiry weigh against such a finding, the face of the complaint does not establish that the offenses are of the same or similar character.  I therefore conclude the counts were misjoined.

**b.**  "A violation of Rule 8 'requires reversal only if the misjoinder results in actual prejudice because it had a substantial and injurious effect or influence in determining the jury's verdict.'"  *Jawara*, 474 F.3d at 579 (quoting *Terry*, 911 F.2d at 277).  In determining whether the misjoinder had a "'substantial and injurious' effect on the jury's verdict," *id*., a variety of factors are relevant, "including 'the overwhelming evidence of guilt shown,' the provision of a 'proper limiting instruction . . . admonish[ing] the jury to consider each count . . . separately,' and the likelihood that evidence admitted on the misjoined count would have been admissible in a separate trial as evidence of intent under Federal Rule of Evidence 404(b)."  *Id.* (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)).

The evidence adduced at Drummondo-Farias' second trial was certainly *sufficient* for a reasonable juror to conclude beyond a reasonable doubt that he was guilty of conspiracy, but it was not "overwhelming."  *Lane*, 474 U.S. at 450.  The cooperating witnesses had strong incentive to lie. The other evidence on the conspiracy charge was primarily circumstantial.  That the first trial of Count 1

4

ended in a mistrial also tends to suggest the evidence was not "overwhelming." As to the overlap in evidence, "it is generally 'much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts, than it is to compartmentalize evidence against separate defendants joined for trial.'" *Jawara*, 474 F.3d at 581 (quoting *See United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir.) *opinion amended on denial of reh'g*, 798 F.2d 1250 (9th Cir. 1986)). Here, evidence admitted solely for Count 2–the tape recording of "Jake" discussing methamphetamine purchases with Fua–could have enhanced the jury's impression of the defendant's guilt of Count 1. If the conspiracy had been charged separately, that audio recording would likely not have been admitted.

The split verdict is not dispositive of the prejudice question, because of the possibility of an illicit compromise verdict. *See United States v. Terry*, 911 F.2d 272, 280 n.3 (1990) (quoting *United States v. Grey Bear*, 863 F.2d 572, 579 (8th Cir. 1988)) (some alterations in original); *see also Lewis*, 787 F.2d at 1322 (noting psychological studies suggesting that evidence of a weak charge can improperly enhance the jury's perception of the strength of the evidence of another charge).

Further, the evidence adduced regarding the distribution charge was significantly "more extensive, and thus more damaging, than that which [c]ould [have] be[en] adduced to establish a prior crime as proof of such matters as motive

or intent" in a separate second trial of the conspiracy charge.  *Satterfield*, 548 F.2d at 1346.  The bulk of the 180 pages of testimony introduced in support of Count 2 would not have been admissible under Rule 404(b), because it would have been either unnecessarily cumulative or prejudicial or both.

Finally, the government added Count 2 after the first trial ended in a hung jury, because "obviously, we were trying to improve our case any way we could;" after "looking through DEA files, [we] found this one buy [in 2010] by . . . Mr. Drummondo," which was then added to the indictment, despite a policy of not prosecuting "one buy" cases. In other words, the government joined the distribution charge to improve its chances of prevailing on the conspiracy charge.

Joinder did not serve judicial economy here.  It only served to prejudice the defendant by presenting the jury with the temptation of an illicit compromise verdict.  I therefore respectfully dissent.