MEMORANDUM *
Jacob Drummondo-Farias (“Drummon-do”) appeals his conviction of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
1. The conspiracy and distribution counts were properly joined as “offenses ... of the same or similar character.” See Fed.R.Crim.P. 8(a); United States v. Rousseau, 257 F.3d 925, 932 (9th Cir.2001).[1] The first count charged Drum-mondo with conspiring to distribute methamphetamine in Hawaii, beginning at an unknown date and ending in January of 2012. The second count charged Appellant with distributing methamphetamine in Hawaii in December of 2010. In light of these similarities, and because Rule 8 is to be “broadly construed in favor of initial joinder,” id. at 573, joinder was not improper. See Rousseau, 257 F.3d at 932 (holding that two firearm offenses were “[cjlearly” of a “same or similar character” even though “the crimes involved different evidence, did not involve a common scheme or plan,” and were separated by more than six months because both counts charged “being a felon in possession of a firearm”); United States v. Free, 841 F.2d 321, 324 n. 1 (9th Cir.1988) (“It is fairly clear in this case that, although separated by time and involving different victims, the murder charge and the assault charges are of the same or similar character.”); cf. United States v. Satterfield, 548 F.2d 1341, 1344 (9th Cir.1977) (Kennedy, J.) (“[Rjule 8(a) permits joinder against one defendant of offenses ‘of the same or similar character,’ even when those offenses arise out of wholly separate, unconnected transactions .... ”).
We have -upheld joinder in similar circumstances. See, e.g., United States v. Akana, 210 Fed.Appx. 681, 682 (9th Cir.2006) (upholding joinder of counts separated by fifteen months charging (1) conspiracy to distribute methamphetamine, and (2) possession of methamphetamine with intent to distribute).[2] And we have found no authority holding that distributing a controlled substance, and conspiring to distribute that same substance less than fourteen months later, are not offenses of “the *618 same or similar character” under Rule 8(a).[3]
Given the similarities between- the charged crimes, the substance at issue, and the location of the alleged conduct, the charges are linked by more than a “vague thematic connection.” United States v. Jawara, 474 F.3d 565, 579 (9th Cir.2007) (internal quotation marks omitted). These counts are not similar simply because they involve drugs. See id. (disapproving the hypothetical joinder of a charge against a pharmacist for selling unlawful amounts of pseudoephedrine over-the-counter and a subsequent charge for purchasing cocaine). Rather, these counts are similar- because they both relate to dealing methamphetamine in Hawaii within a relatively short period of time.[4]
2. We assume, without deciding, that the district court abused its discretion in precluding the defense from cross-examining Officer Thayne Costa about a prior incident of untruthfulness, but we find the error harmless. See United States v. Moran, 498 F.3d 1002, 1014 (9th Cir.2007). Even absent Costa’s testimony, there was ample evidence from which the jury could *619 reasonably have concluded beyond a reasonable doubt that Drummondo was guilty of the conspiracy charge. See United States v. Edwards, 235 F.3d 1173, 1179 (9th Cir.2000) (per curiam). Two of Drum-mondo’s co-conspirators and another uncharged co-conspirator implicated him as one of the leaders of the conspiracy. Circumstantial evidence — including postal money orders, postal service records, phone records, and flight records — corroborated these co-conspirators’ testimony. Moreover, several other percipient law enforcement witnesses whose credibility was not in question testified to many of the same facts reported by Costa. Therefore, undermining Costa’s credibility did not go to the heart of the defense and, indeed, would have done little if anything to bolster it. Moran, 493 F.3d at 1014. Accordingly, “it is more probable than not that the error did not materially affect the verdict.” Id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Drummondo has not waived his Rule 8(a) misjoinder argument by failing to renew his motion to sever at the close of evidence: "While it is clear that a Rule 14 motion to sever must be renewed at the close of the evidence or it is waived, ... there is no such requirement for a Rule 8 motion.” United States v. Terry, 911 F.2d 272, 277 (9th Cir.1990).

. Other courts have uniformly upheld joinder under these circumstances, as well. See, e.g., United States v. Melendez, 301 F.3d 27, 35-36 (1st Cir.2002) (upholding joinder of counts separated by nearly two years charging (1) aiding and abetting distribution of cocaine base, and (2) possession of cocaine with intent to distribute); United States v. Turner, 93 F.3d 276, 283-84 (7th Cir.1996) (upholding joinder of counts separated by more than fourteen months charging (1) conspiracy to possess methamphetamine, and (2) possession of methamphetamine with intent to distribute); United States v. Rodgers, 732 F.2d 625, 629-30 (8th Cir.1984) (upholding joinder of counts separated by twenty months charging (1) distribution of cocaine, and (2) possession of cocaine with intent to distribute).

. The dissent’s reliance on the temporal gap between the charges in this case is misplaced. The less than fourteen-month gap between the counts — which does nothing to lessen the other similarities between the charges, both of which involve distribution of the same drug in the same state by the same defendant — does not render these otherwise similar counts dissimilar. See, e.g., Akana, 210 Fed.Appx. at 682 (upholding joinder of charges fifteen months apart). The dissent cites Free for the proposition that even shorter temporal gaps weigh against joinder, but in Free, we found it ‘‘fairly clear” that joinder was proper. 841 F.2d at 324 n. 1. Nothing in our discussion in Free indicates that we would have reached a contrary conclusion had the temporal gap been longer.

. We need not discuss prejudice because we conclude there was no misjoinder, but we note our disagreement with the dissent’s characterization of the prosecutor's charging decision. At oral argument, the government explained its decision as follows:
Government: Basically, after the first trial ended in a mistrial, we went back — obviously we were trying to improve our case in any way we could — going back and looking through DEA files, they found this one buy that had been made from a task force group from Mr, Drummondo that we were not aware of at the time of the first trial.
Judge Wardlaw: Who was not aware of it, the prosecutors?
Government: Correct.
Judge Wardlaw: Well, I don't understand. If it was worth prosecuting, why didn't the DEA bring it to you in the first place?
Government: Because our standard policy is we will not accept one buy cases. There are exceptions to that. But normally we expect—
Judge Berzon: Not accept what cases? Government: One buy cases, meaning there have to be multiple buys to avoid issues of entrapment, to ensure credibility of the Cl, if there is one, all of those sorts of issues. Because there had never been more than one buy, they never brought it to our office for consideration.
It is possible, as the dissent asserts, that the prosecution filed the distribution charge in order to improve its chances of securing a conviction on the conspiracy count. But the government never said the new charge was filed for this purpose. We see no reason to assume the prosecutor had such an illegitimate motive when it is also possible the prosecutor, upon discovering evidence that Drum-mondo committed multiple crimes, deviated from ordinary policy in a legitimate effort to increase the odds of securing a conviction for distribution so that Drummondo would not entirely evade punishment if the jury again failed to convict on the conspiracy charge.
We note also that the district court instructed the jury to consider the charges separately, diminishing the risk of prejudice. See, e.g., United States v. Fiorillo, 186 F.3d 1136, 1145 (9th Cir.1999) (per curiam). That the jury in fact rendered a split verdict ‘‘shows that the jury followed the trial court’s instructions.” United States v. Alvarez, 358 F.3d 1194, 1206 (9th Cir.2004).